WAGNER ET AL., APPELLANTS, *v.* MCDANIELS ET AL., APPELLEES.

[Cite as Wagner *v.* McDaniels (1984), 9 Ohio St. 3d 184.]

(No. 83-590—Decided February 15, 1984.)

*Mr. Donald G. Schreiber,* for appellants.

SWEENEY, J. This appeal presents two issues for our consideration. The first issue is whether the record contains sufficient evidence to establish the reasonableness and necessity of appellants' expenses. The second is whether evidence of appellee's net worth was required before he could be assessed with punitive damages.

The court of appeals relied on *DeTunno* v. *Shull* (1957), 166 Ohio St. 365 [2 O.O.2d 281], to support its conclusion that appellants had not demonstrated the reasonableness of their expenses. *DeTunno* held as follows:

"Ordinarily a jury may not consider as items of damage the amounts of indebtedness claimed to have been incurred for hospital and medical services, in the absence of any testimony as to the necessity and reasonable value of such services."

In the instant case, appellants' medical and psychological witnesses, the physician and psychologist who treated Melissa, could not testify with specificity about the amount and reasonableness of their charges, although both doctors testified that they believed the fees to be reasonable. The court of appeals found this testimony to be insufficient, implying that appellants needed to present expert testimony from someone familiar with medical billing practices to establish the reasonableness of the fees.

Appellants argue that the court below interpreted *DeTunno* too narrowly, noting that there was extensive evidence supporting the necessity of the expenses incurred by appellants and indirect testimony that these expenses were reasonable. Our review of the record indicates that the victim's physical and psychological symptoms, about which there was considerable evidence, support the necessity of the medical services she received. We now turn to the reasonableness of the charges.

Although appellants contend that the record indirectly establishes the reasonableness of the medical charges for purposes of meeting the *DeTunno* standard, they argue that this court should modify *DeTunno* by adopting the position advanced in Judge Bell's concurring opinion in *DeTunno*. The con-

currence, which was joined by two other judges, stated at page 377 that "proof of the amount of the bill rendered and a description of the services performed * * * [are] prima facie evidence of the reasonableness of the charge * * *." Appellants contend that contemporary medical billing practice supports their position, stating that "the services of many doctors in major facilities are billed through their accounting departments, as was the case in the instant case, leaving the doctor unaware of the specific charges to the family. * * * [I]t is unreasonable to require the plaintiff[s]-appellant[s] to depose the accounting head of the facility or to bring in outside experts when all evidence justifies * * * [appellants'] position and no contradictory evidence exists as to the reasonableness of those charges and the necessity of the services rendered." The expert testimony seemingly required by the court below to satisfy *DeTunno* would amount to little more than the "usually empty ceremonial" criticized in the *DeTunno* concurrence, particularly when, as here, no rebuttal evidence suggests that the charges were unreasonable. We find appellants' argument persuasive on this point and hold that proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the reasonableness of the charges for medical and hospital services.

Appellants' second proposition of law challenges the court of appeals' imposition of a requirement that evidence of the economic status of the defendant must be considered before allowing an award for punitive damages. The court below noted that appellee was earning about $7 an hour on his job and that the record was silent as to any assets he might own. The court stated that an award of $100,000 on the instant record was inappropriate because it demonstrated "no discernible relationship to the economic status of the defendant [appellee]."

Appellants contend that evidence of a defendant's net worth is not a prerequisite to the award of punitive damages. After reciting the purposes of punitive damages, which are: (1) to punish the wrongdoer, and (2) to deter others from similar conduct, see *Atlantic & G.W. Ry. Co.* v. *Dunn* (1869), 19 Ohio St. 162, 170, the appellants argue that evidence of net worth may be useful to achieve both purposes but it is not essential to achieve either. While there is no Ohio authority directly on point, cases in other jurisdictions indicate that evidence of net worth is not a pre-condition for punitive damages.

In *Rinaldi* v. *Aaron* (Fla. 1975), 314 So. 2d 762, the court stated at page 765 that "* * * evidence of net worth is not a requisite * * * [but] [i]f defendant's financial worth is meager, it would be to his advantage to introduce such evidence in order to mitigate the damage award." In *Hotel Riviera, Inc.* v. *Short* (1964), 80 Nev. 505, 520, 396 P. 2d 855, the court stated that "it is not essential to show defendant's wealth in seeking exemplary damages." The same rule was held to apply in *Hanley* v. *Lund* (1963), 218 Cal. App. 2d 633, 645-646, 32 Cal. Rptr. 733, which stated that there was no authority to support the position that plaintiff was required to show defendant's wealth in seeking punitive damages.

We have uncovered no cases to support the court of appeals' conclusion that the absence of any evidence of net worth made it impossible to review the appropriateness of the punitive damages awarded by the trial court. The court below cited 22 American Jurisprudence 2d (1965), Damages, Section 269, as authority for its position, but this citation is inapposite. This same treatise does state at Section 322, however, that "evidence of the financial condition of the defendant is admissible and may be considered by the jury in determining the amount of exemplary or punitive damages to be allowed and what amount of punishment would be inflicted thereby on the theory that the allowance of a given sum would be a greater punishment to a man of small means than to one possessing larger wealth." *Id.* The import of the foregoing statement is that evidence of a defendant's net worth may be considered by the fact-finder in determining appropriate punitive damages, but this evidence is not required before punitive damages may be awarded to a prevailing party.

For the reasons hereinbefore stated, the judgment of the court of appeals as to the matters appealed herein is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, LOCHER, C. BROWN and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.