OPINION
Plaintiffs-appellants Hassell E. Tackett and Karen Tackett appeal the Judgment Entry of the Fairfield County Court of Common Pleas granting judgment in their favor and against defendants-appellees Ben Kitchen Termite Pest Control, Inc. and Shirley Ann Patrick, and awarding the Tacketts $36,000 in total damages. Defendant-appellee Shirley Patrick cross-appeals the same Judgment Entry in which the trial court found her liable for fraud. Remaining defendants-appellees are Steven Mitchell and Fairfield Termite Pest Control, Inc., and Rick Brunton and HER Realty, Inc.
 STATEMENT OF THE FACTS AND CASE
Because of the various parties involved in this action, the parties will be designated by their names.
On June 1, 1992, Hassell E. Tackett and Karen Tackett (hereinafter "the Tacketts") purchased the home of Shirley A. Patrick (hereinafter "Patrick") at 810 Amanda-Northern Road, Fairfield County, Ohio. Prior to submitting an offer to purchase the property, the Tacketts inspected it on a number of occasions. At the time of the purchase, the property was in need of extensive repairs and remodeling.
During the Tacketts' initial viewing of the home, their agent, Rick Brunton of HER Realty, Inc., noticed deposits or mud tunnels on one of the basement walls. After bringing the deposits to the Tacketts' attention, Brunton informed the couple that the mud tunnels could possibly be evidence of termite infestation. Brunton advised the Tacketts to have the home inspected by a qualified structural engineer.
Thereafter, Patrick contacted Steve Mitchell and Fairfield Termite Pest Control to perform an inspection. During the course of his inspection, Mitchell observed termite infestation. He advised Patrick of his findings and gave the homeowner an estimate for the cost of treating the problem. At the time of the inspection, the Tacketts were on the property doing yard work. Patrick instructed Mitchell not to "volunteer any information" to the Tacketts regarding his findings.
Because Patrick believed Mitchell's quote for the treatment was unnecessarily high, she decided to obtain a second opinion. Patrick's son-in-law, Terry Downour, contacted Roy Braden, a sales manager at Ben Kitchen Termite Pest Control, Inc. (hereinafter "Ben Kitchen"). Ben Kitchen was ultimately hired to perform an inspection and undertake the necessary treatment. Upon inspecting the home, Braden found evidence of termites, but no visible signs of any physical or structural damage to the property. Braden, however, was unable to inspect certain areas of the home because Patrick's belongings impeded his vision.
During the real estate closing, Patrick and her agent informed the Tacketts that the home had been treated and there was no termite damage to the property. The Tacketts received a copy of the termite inspection report prepared by Ben Kitchen. Although the form included a specific section for noting damage, the section was left blank.
After the Tacketts began renovations and remodeling, they discovered structural problems which had resulted from the termite infestation. Thereafter, on April 20, 1995, the Tacketts filed a complaint in the Fairfield County Court of Common Pleas against Shirley Patrick; Steve Wells and Ben Kitchen Termite Pest Control, Inc.; Rick Brunton and HER Realtors; Marie Kimberland and John Harris Realty; and GFS Chemicals, Inc, Tammy Patterson, and Melinda Scior. On January 10, 1995, the Tacketts amended their complaint and added Fairfield Termite Pest Control, Inc. and Steven Mitchell as defendants.
On June 9, 1995, GFS Chemicals, Inc., Tammy Patterson, and Melinda Scior filed a motion for judgment on the pleadings, which the trial court granted. On January 29, 1996, the trial court granted summary judgment in favor of Marie Kimberland and John Harris Realty.
During February and March, 1996, the matter was tried to Judge John Martin. At the close of the Tacketts' case-in-chief, the trial court granted directed verdicts in favor of Steven Wells; Roy Braden; Rick Brunton and HER Realty; and Steve Mitchell and Fairfield Termite Pest Control.
On second day of trial, Mrs. Tackett took ill during an in-chamber conference with the court. The trial court recessed the proceedings for the morning to allow Mrs. Tackett to obtain medical attention. When the trial court and counsel for all the parties reassembled in the courtroom for the afternoon session, the Tacketts were absent and unaccounted for. Over the objections of the Tacketts' counsel and after denying the Tacketts' counsel's request for a continuance, the trial court proceeded with the case. Counsel for the Tacketts indicated that they were prepared to proceed without their clients. In the Tacketts' absence, their counsel called four (4) witnesses. The Tacketts' absence did not preclude any witness from testifying nor was any witness unable to testify in their absence.
Via Judgment Entry dated July 19, 1996, the trial court granted judgment in favor of the Tacketts and against Ben Kitchen Termite Pest Control for negligence, and against Patrick for fraud. Additionally, the trial court found the Tacketts were contributorily negligent for their failure to retain a structural engineer to inspect the premises after they had been informed on numerous occasions of the presence of termites.
By way of Supplemental Judgment Entry dated September 23, 1996, the trial court entered a judgment in favor of the Tacketts and against Ben Kitchen Termite Pest Control, and against Patrick in a total amount of $36,000. The trial court further ordered the judgment rendered against Ben Kitchen Termite Pest Control be reduced by one-third based upon its finding that the Tacketts' own negligence contributed to their damages. The award against Patrick was not reduced.
It is from the July 19, 1996 Judgment Entry as well as the September 23, 1996 Supplemental Judgment Entry the Tacketts prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN PROCEEDING WITH THE TRIAL IN THE ABSENCE OF THE PLAINTIFFS.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT PUNITIVE DAMAGES WERE NOT RECOVERABLE IN THE ABSENCE OF TESTIMONY CONCERNING DEFENDANT'S NET WORTH.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO AWARD PLAINTIFFS THEIR ATTORNEY FEES.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING CONTRIBUTORY NEGLIGENCE ON THE PART OF PLAINTIFFS.
From these same judgment entries, Shirley Patrick cross-appeals raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW IN HOLDING THAT MRS. PATRICK IS LIABLE FOR FRAUD SINCE THE DOCTRINE OF CAVEAT EMPTOR APPLIES AND APPELLANTS FAILED TO SATISFY THE CONDITIONS TO BAR THE USE OF THE DOCTRINE.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FOUND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE THAT SHIRLEY PATRICK SPECIFICALLY KNEW THAT HER RESIDENCE CONTAINED TERMITE DAMAGE AND THAT SHE TOOK STEPS TO CONCEAL THAT INFORMATION FROM APPELLANTS.
Any remaining pertinent facts will be contained in our discussions of the assignments of error.
We shall address Shirley Patrick's cross-appeal first.
 CROSS-APPEAL II
In her second assignment of error, Patrick maintains the trial court committed prejudicial error by finding she specifically knew that her residence suffered from termite damage and that she took steps to actively conceal that information from the Tacketts. Specifically, Patrick contends that such findings are against the manifest weight of the evidence.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
Patrick resided in the residence at 810 Amanda-Northern Road for over 20 years. As any homemaker would after that amount of time, Patrick was well aware of the condition of the house. Patrick had painted and made repairs in the house, including filling in holes around a window with puddy. The testimony at trial describing those holes corresponds to a general description of termite tunnels.
At trial, Patrick testified that she told Mitchell "if he didn't want to talk [to the Tacketts], he didn't have to talk." Tr. p. 875. Patrick explained she told Mitchell that because her real estate agent had advised her that the agency would handle everything and she; therefore, assumed her agent would advise the Tacketts of the termite problem. When asked about the conversation, Mitchell testified, as he and Patrick walked outside of the house to perform the exterior inspection, the Tacketts approached them and Patrick instructed him not to "volunteer any information". Tr. at 382.
The trial court was free to accept or reject all or any part of the testimony of the witnesses and assess the credibility of those witnesses. Since the trial court's finding of fraud is supported by some competent, credible evidence, we find the trial court's determination that Patrick had some knowledge of the termite damage and took steps to conceal said damage from the Tacketts is not against the manifest weight of the evidence. Accordingly, the trial court did not err in finding Patrick liable for fraud.
Patrick's second assignment of error is overruled.
 CROSS-APPEAL I
In her first assignment of error, Patrick asserts the trial court erred as a matter of law in finding her liable because the doctrine of caveat emptor is applicable in the instant action.
In Layman v. Binns (1988), 35 Ohio St.3d 176, at syllabus, the Ohio Supreme Court held:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
Id. at syllabus (Citations omitted) (Emphasis added).
Because we found, supra, the trial court's decision finding Patrick liable for fraud was not against the manifest weight of the evidence, the doctrine caveat emptor does not apply to the instant action.
Patrick's first assignment of error is overruled.
 APPEAL
In their first assignment of error, the Tacketts submit the trial court erred as a matter of law in proceeding with the trial in their absence.
The applicable standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances and the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
In State, ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, the Ohio Supreme Court set forth the relevant factors a trial court should review in determining whether a sufficient ground for a continuance based upon the absence of a party exists. TheMcCabe court held:
 To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time.
Id. at syllabus, para. 2.
Despite the Tacketts' broad conclusory statement that their presence at trial was necessary, we find the record is devoid of any evidence so demonstrating. In their absence, the Tackett's counsel, who advised the trial court they were prepared to proceed without their clients, conducted the examination of four (4) witnesses. Those witnesses were Dr. Richard Hall of Ohio State University, the Tacketts' expert witness; Steven Mitchell of Fairfield Termite Pest Control, as if on cross-examination; Roy Braden, the inspector employed by Ben Kitchen Termite Pest Control; and Shirley Patrick, as if on cross-examination.
We fail to see how the Tacketts' presence at trial was necessary during the examination of Dr. Hall. Since Dr. Hall was called to provide expert testimony, the Tacketts, as lay people, would not be able to assist their attorneys during his examination. Steven Mitchell and Shirley Patrick were called as if on cross-examination. Those witnesses had previously been deposed during the discovery stages of the action. As such, the Tacketts and their attorneys were aware of the testimony likely to be given by these witnesses. Accordingly, the Tacketts were not necessary during the presentation of those witnesses. Likewise, Roy Braden had previously been deposed, and the Tacketts were aware that he would give favorable testimony as he was called on their behalf.
The trial court's proceeding with the trial in the Tacketts' absence also did not result in the prevention of either Mr. or Mrs. Tackett being able to testify. To the contrary, Mrs. Tackett had testified the previous day and Mr. Tackett was called during the third day of trial.
Since the Tacketts have failed to demonstrate that their presence at trial was necessary, we find the trial court did not abuse its discretion in denying counsel's request for a continuance.
Appellant's first assignment of error is overruled.
 II
In their second assignment of error, the Tacketts contend the trial court erred as a matter of law in holding that punitive damages were not recoverable in the absence of evidence regarding Patrick's net worth. We agree.
"Evidence of a defendant's net worth may be considered by the fact-finder in determining appropriate punitive damages, but thisevidence is not required before otherwise proper punitive damages may be awarded to a prevailing party." Wagner v. McDaniels
(1984), 9 Ohio St.3d 184, syllabus, para. 2. (Emphasis added).
In its July 17, 1996 Judgment Entry, the trial court specifically stated, "Punitive damages are not considered, the court having no knowledge of [Shirley Patrick's] net worth." Although the trial court could have considered Patrick's net worth in determining an appropriate amount of punitive damages, we find the trial court erred in not considering such an award based solely upon the fact that it had no evidence of Patrick's net worth to review. Accordingly, the trial court's denial of punitive damages should be vacated. This matter shall be remanded for redetermination of whether or not punitive damages are appropriate and, if such damages are found to be appropriate, the amount thereof.
The Tacketts' second assignment of error is sustained.
 III
Herein, the Tacketts argue the trial court erred as a matter of law in failing to award their attorney fees.
If, upon remand, the trial court finds that an award of punitive damages is proper, the trial court may also award the Tacketts reasonable attorney fees as compensatory damages. See,Combs Trucking, Inc. v. International Harvester Co. (1984),12 Ohio St.3d 241, 245.
Because attorney fees may be recoverable if the trial court finds punitive damages appropriate, we vacate the trial court's denial of attorney fees and remand this issue for reconsideration in order to comport with Assignment of Error II.
 IV
Herein, the Tacketts assert the evidence presented at trial does not support the trial court's finding that they were contributorily negligent.[1]
At trial, Rick Brunton testified that upon observing the deposits or mud tunnels during the initial visit to the residence, he explained to the Tacketts the significance of those tunnels and advised the couple to consult a structural engineer. Although the Tacketts received this information in April, 1992, they did not heed Brunton's advise, despite the fact they did not close on the house until June, 1992.
Since it is common knowledge that termites are wood-eating insects and the Tacketts were informed of the termite infestation at the residence and advised to obtain a structural engineer, we find there was sufficient evidence upon which the trial court could find the Tacketts contributorily negligent.
The Tacketts' fourth assignment of error is overruled.
The Judgment Entry of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part and the matter remanded for proceedings in accordance with law and this opinion.
By: Hoffman, J., Farmer, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
CASE NO. 96CA0066
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part. The case is remanded back to the trial court for further proceedings in accordance with the law and this opinion. Costs are ordered assessed to defendant appellee/cross appellant Shirley Patrick.
[1] The Tacketts do not argue whether contributory negligence is available as a defense in the case sub judice. By our addressing this argument, we caution that our opinion should not be interpreted to stand for the proposition that contributory negligence is applicable to this type of action, which sounds in breach of contract and fraud.