This matter is before the court on the May 1, 1998 motion for reconsideration filed by appellants, Henry J. Rybaczewski and Mary Lou Rybaczewski. On April 24, 1998, this court affirmed the judgment of the trial court granting appellants an award of $796.80 for injuries sustained in a December 23, 1990 collision.
The standard for reviewing a motion for reconsideration is whether the motion calls to the court's attention an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been. Bd. of Commrs. of Ottawa Co. v.Marblehead (June 28, 1995), Ottawa App. No. OT-94-050, citing,Matthews v. Matthews (1981), 5 Ohio App.3d 140.
We find that appellants' motion fails to raise any issue for our consideration that was not already fully considered by this court, except with respect to the admission of portions of Dr. Gregory P. Graziano's videotaped testimony. In our decision, finding that appellants failed to provide a transcript of the August 9, 1996 hearing, wherein the trial court ruled on objections to Dr. Graziano's testimony, we held that we must presume the regularity of the trial court's proceedings and accept its judgment. In support of their motion for reconsideration, appellants include affidavits from a court reporter who stated that she transcribed the hearing at appellants' behest and from a deputy clerk who stated the original transcript was not forwarded to her for conveyance to our court and that appellants' counsel did all that was required of him in regard to the transcript. As such, we will reconsider appellants' second and third assignments of error as they relate to the exclusion of portions of Dr. Graziano's videotaped testimony.
Decisions concerning the admission of evidence are within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Bostic v. Connor (1988),37 Ohio St.3d 144, paragraph three of the syllabus; O'Brien v.Angley (1980), 63 Ohio St.2d 159, 163. An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, capricious or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Evid.R. 103(A) specifically states that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected," and, under Evid.R. 103(A)(2), the substance of the evidence must be made known to the court. Error in the admission of evidence is not grounds for reversal unless substantial rights of the complaining party were affected or it appears that substantial justice was not done. See O'Brien at 164. In determining whether a substantial right of the party has been affected, a reviewing court must decide whether the trier-of-fact would have probably reached the same conclusion had the error not occurred. Id. at 164-165, citingHallworth v. Republic Steel Corp. (1950), 153 Ohio St. 349, paragraph three of the syllabus.
Although no proffer was made, the content of the excluded evidence was apparent from the discussion of the parties during the ruling on objections, the exhibits submitted into the record, and the transcript of Dr. Graziano's testimony, which was adopted as the trial transcript. No proffer is needed if the evidence is apparent from the record. Lanham v. The ExcelloSpecialty Co. (March 16, 1995), Cuyahoga App. No. 67038, unreported, citing, Evid.R. 103(A) and Birath v. Birath (1988),53 Ohio App.3d 31.
In their second assignment of error, appellants argue that the trial court erred in not allowing Dr. Graziano, an orthopedic surgeon practicing medicine at the University of Michigan Hospital in Ann Arbor, Michigan, to testify as to the following: (1) whether certain medical bills incurred in Ohio were reasonable and necessary for the treatment of Mr. Rybaczewski's injuries suffered as a result of the December 23, 1990 accident with appellee; (2) the course of treatment Mr. Rybaczewski underwent since December 1990; and (3) whether Mr. Rybaczewski was able to perform even sedentary or light duty jobs since December 23, 1990.
Appellants' counsel laid an initial foundation as follows:
 "I'm going to ask you some questions which require your opinion, Doctor, and in order to not burden the record with my constantly repeating myself, I'm going to ask your opinions to be based upon your background, training, experience, your treatment of Henry, the history that you took from Henry, and accepted medical standards.
 "I'm going to ask you a number of questions, and if you would, would you agree to assume all these predicates before you answer those questions?
"A. Yes.
 "Q. Will you make the answer to a reasonable degree of medical certainty?
"A. Yes."
Later, appellants' counsel submitted to Dr. Graziano a composite exhibit of medical bills including bills from both Ohio and the University of Michigan Hospital, where Dr. Graziano works. The testimony was as follows:
 "Q. Doctor, I'm going to show you what has been marked for identification as Plaintiffs' Exhibit 1, and ask if you have reviewed that?
"A. Yes, I have.
 "Q. For the record, I indicate that it is a composite exhibit of medical bills of Mr. Henry Rybaczewski from December 1990 through the present time.
 "I will ask you, again, the same type of opinion question. Do you have an opinion whether or not those —
 "MR. BAHRET: Wait a minute, wait a minute, before we go through a little charade of handing the Doctor six or seven years worth of medical bills that he's never before today seen, and then asking him to opine as to the relationship of those things that he couldn't possibly tell you what they all are, much less whether they're related, and also ask him to opine as to the fair and reasonable value of the services in Ohio, I object.
"MR. JAMES: I object also for the same reason.
 "Q. Have you had an opportunity to review all of those individual bills?
"A. Yes, I reviewed them.
 "Q. Do you have an opinion to the same standards that we talked about before that you said you would apply, do you have an opinion whether or not those bills were reasonable and necessary to treat the injuries suffered by Henry in the December 23, 1990 auto accident?
 "MR. BAHRET: Objection, he has no foundation to say that, and you're putting him in an unfair position.
"Q. Is your answer yes?
"A. I have to, yes, I can't dispute the bills.
 "MR. BAHRET: Objection, that's move to strike, it's not responsive.
"Q. What is that opinion?
"A. My opinion is that they're reasonable.
"Q. Were they necessary?
"A. Yes."
The trial court found that there was no foundation laid to establish that Dr. Graziano knew what reasonable fees in Toledo, Ohio would be, and stated:
 "* * * You're the proponent of this evidence. You have to establish the basis for introduction of the evidence.
 "And you and I could probably take notice that in areas such as Detroit and Cleveland, at least in the legal field, and it may be true in the medical although I don't know this, which goes back to my original point, that the market's substantially different for fees charged by lawyers in those two markets. If that's the basis of the objection that their medical bills from a doctor practicing in a different area, absent a foundation, I'm going to sustain the objection."
The trial court went on to state that counsel would have to get some other form of testimony, and that whoever provided that testimony could testify as to reasonableness and necessity. Eventually, the trial court had counsel separate out the bills from the composite exhibit that related to the University of Michigan, and allowed Dr. Graziano to testify only as to the reasonableness and necessity of those bills.
In Wagner v. McDaniels (1984), 9 Ohio St.3d 184, paragraph one of the syllabus, the Ohio Supreme Court stated:
 "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services."
Additionally, in Rouse v. Riverside Methodist Hosp. (1983),9 Ohio App.3d 206, 212, the Franklin County Court of Appeals held:
 "* * * Under Ohio law, any doctor licensed to practice medicine is competent to testify on medical issues, including the relationship of medical expenses to a particular injury or cause. The fact that the doctor has a specialty of pathology, rather than some other specialty such as radiology, bears only upon the weight to be given the evidence, not its admissibility."
Upon a review of the Ohio bills excluded from exhibit number one by the trial court, we find that the majority of the bills do not specify the "nature of the services performed." SeeWagner, supra. Others are not even bills, they are merely statements of account referencing insurance payments. Of the bills that do indicate the nature of the services rendered, a number of them appear to refer to diabetes related problems, e.g., hyperglycemia lack of insulin, glucometer glucose, clinical nutrition consultant. Others still refer to problems such as dehydration, abdominal pain, unspecified gastritis, and gastroduoduitis. Included in the mix were also bills for a stress test and electrocardiogram.
Accordingly, we find that the bills in and of themselves did not establish prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services arising out of Mr. Rybaczewski's December 23, 1990 accident with appellee. See Wagner, supra. Even assuming Dr. Graziano was qualified to render an opinion as to reasonableness and necessity of the Ohio bills, and should have been permitted to do so, we find that the trial court's exclusion of this testimony did not affect a substantial right of appellants. See Evid.R. 103(A).
Between Dr. Howard Rosenblatt, another treating physician, and Dr. Graziano, the jury was presented with over $100,000 of medical bills that were testified to as being reasonable and necessary as a result of Mr. Rybaczewski's accident with appellee. Nevertheless, the jury returned a verdict for $796.80. Based on the jury's award, we find that the jury would have probably reached the same conclusion even if Dr. Graziano had been permitted to testify as to the Ohio medical bills. SeeO'Brien, supra. Accordingly, appellants have failed to establish grounds for reversal.
Appellants also argued in their second assignment of error that the trial court erred in not allowing Dr. Graziano's testimony concerning Mr. Rybaczewski's course of treatment, stated as follows:
 "Q. As to those bills, would you just tell the jury, in general, what Henry's course of seeking treatment was from December of 1990 until he saw you?
 "MR. BAHRET: How would he know, I object to the foundation.
"MR. JAMES: Objection.
 "A. I know he had been to pain clinics. I know he had been to see Dr. Villarreal, who is a doctor. He had sought out numerous people to get epidural steroids, he had gotten coccygeal blocks, he was trying a TENS unit, someone had given him a brace.
 "I've seen this before, multiple doctors trying to look for a solution."
The trial court ruled as follows:
 "I would sustain. I mean, all it would be doing is hearsay. He would be reading from prior medical records of what the course of treatment was. I assume that those records will be in evidence."
"* * *
 "The way the question is phrased I have to sustain the objection. There is an absence of foundation. This isn't based upon history or having reviewed other medical with respect to the treatment this doctor's giving. What this doctor — you're asking to testify as to treatment that he may have received from other doctors or whatever. It doesn't go to the — to the heart of this opinion. * * *"
We find that the trial court did not abuse its discretion in excluding this testimony. The testimony lacked foundation to establish that Dr. Graziano collected this evidence as statements made for purposes of medical diagnosis or treatment. See Evid.R. 803(4).
Appellants also argue that the trial court erred in excluding Dr. Graziano's testimony concerning Mr. Rybaczewski's ability to perform sedentary jobs. The transcript in this regard states as follows:
 "Q. Between the time of the auto accident on 12/23/1990, and the time that you performed the operations for him — strike that. Up until October of this year, was Henry able, in your opinion, to perform his even sedentary or light duty type job?
"MR. BAHRET: Objection.
"MR. JAMES: Objection.
"MR. BAHRET: No foundation.
 "A. Based on what I know from the first time I saw him, I would say no.
"MR. BAHRET: Move to strike, still no foundation."
The trial court ruled as follows:
"THE COURT: * * * I have sustained that objection.
"* * *
 "MR. PHEILS: Again, you're saying that he — the doctor is unable to render an opinion as to Henry's ability to perform work based upon the history that Henry gave him, Your Honor?
"THE COURT: Well, yeah, I am saying that."
 "MR. PHEILS: Well, I'll submit that that's not the law and that in fact a physician can give an opinion based upon history given to him by his patient.
"THE COURT: Based upon the way this question is formed.
 "MR. BAHRET: You didn't even ask him if it's based on history, Dave.
"THE COURT: Yeah, it doesn't. Well —
 "MR. PHEILS: I got the generalized foundation back on 7.
 "THE COURT: Based on the way this question is phrased, I'm going to sustain the objection."
We find that the trial court did not abuse its discretion in excluding this testimony. The "generalized foundation" laid at the beginning of the deposition is insufficient to establish how Dr. Graziano arrived at this particular conclusion.
Accordingly, we find appellants' second assignment of error not well-taken.
In their third assignment of error, appellants argue that the trial court erred in sustaining portions of Dr. Graziano's testimony based upon objections which failed to comply with Civ.R. 32(D)(3)(b). Pursuant to Civ.R. 32(D)(3)(b),
 "Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless reasonable objection thereto is made at the taking of the deposition."
Appellants argue that, although appellee's counsel objected at the deposition, the objections were not "reasonable objections" because "[m]erely saying `objection' or `move to strike' or `no foundation' in the context of Dr. Graziano's video tape deposition gives no reasonable notice to the Questioner what error the objector claims is involved and therefore no reasonable opportunity to cure it."
Appellants fail to cite law in support their argument of "reasonable objection." Appellants cite two federal cases in support of their argument; however, these cases are both distinguishable and inapplicable to this case. The cases relied upon by appellants applied the analogous federal rule; however, the federal rule refers to "seasonable objection" rather than "reasonable objection." Additionally, unlike the case at hand, no objection to the excluded testimony was made during the deposition. Hence, no discussion as to the "reasonableness" of the objection was discussed because no objection was made and the federal rule does not require a "reasonable" objection. Moreover, this court can find no support for appellants' argument.
Appellee's counsel asserted a blank objection as to one portion of excluded testimony and, as to the other, counsel objected and stated, "No foundation." As objections were raised, we find that appellee did not waive his right to have those portions of the doctor's testimony excluded. As to the reasonableness of the objections, we note that, in neither instance, did appellants' counsel request appellee's counsel to provide additional reasoning or basis for the objections. If appellants' counsel needed elaboration as to the basis of the objections, so that he could cure any error in the doctor's testimony, then he should have asked for it. Under the circumstances, we find that the trial court did not abuse its discretion in finding that "reasonable objections" were raised by appellee or in ruling on, and sustaining, those objections.
Appellants' third assignment of error is therefore found not well-taken.
Having reconsidered appellants' second and third assignment of error, we nevertheless find that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.