OPINION
This is an appeal on questions of law from a judgment of the Court of Common Pleas of Darke County entered upon a jury verdict in the amount of $91,154.00. The plaintiff, Tena Rutter, commenced the action claiming damages for personal injuries sustained in an automobile accident, and the jury awarded her $9,154.00 for "medical expenses to date", $7,000.00 for "future medical expenses", $15,000.00 for "pain and suffering to date", $15,000.00 for "future pain and suffering", $15,000.000 for "loss of enjoyment of life to date", $15,000.00 for "future loss of enjoyment of life", and $15,000.00 for "loss of earnings to date". (Plaintiff's Interrogatory I).
Subsequently, the plaintiff filed a motion for prejudgment interest, and the defendant, John Kelly, filed motions for judgment notwithstanding the verdict, for a new trial, and for a remittitur.
On December 31, 1998, the trial court overruled all of the post-trial motions, and on January 15, 1999, Kelly filed his notice of appeal from the judgment. Then, on January 25, 1999, Rutter filed a cross-appeal from the order denying prejudgment interest.
In the appeal, Kelly has set forth four assignments of error, the first of which has been stated as follows:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE WHEN IT OVERRULED APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
In support of the alleged error, Kelly argues that the jury award of damages in the amount of $15,000.00 for lost wages is not supported by the evidence. And with regard thereto, it is fundamental, of course, that the test to be applied for granting a judgment notwithstanding the verdict is whether the movant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the nonmovant. Am. Rock Mechanics, Inc. v. Thermex Energy Corp. (1992) 80 Ohio App.3d 53,59-60; Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679, 688. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon such a motion. Randall v. Mihm (1992), 84 Ohio App.3d 402, 406-7.
Here, the plaintiff's interrogatory requesting that the jury set forth any amounts due for seven different elements of damage includes a specific provision for "lost earnings to date", and the jury filled in the blank space with the amount of $15,000.00. However, the trial court, in overruling the motion for judgment notwithstanding the verdict, commented as follows in its decision:
 "The defendant has moved for judgment n.o.v. based upon the plaintiff's lost wages. The jury awarded $15,000.00 for past lost wages and $15,000.00 for future lost wages. The evidence established that the plaintiff was required to take a lower paying job because of her injuries. The verdict was, therefore, supported by the evidence. The defendant's motion for judgment n.o.v. is ordered overruled."
By mistakenly coupling past and future lost wages, the trial court possibly could find evidence to support a verdict of $30,000.00, but the specific question before the trial court, and the question now raised in this court, is whether any evidence was presented to support the award of $15,000.00 for "loss of earnings to date".
In this regard, Ms. Rutter testified that she was making $7.88 per hour at the time of the accident, and that she was making $5.00 plus tips at the time of the trial, but her work record and pay scale on various jobs in between are pregnant with uncertainty. In fact, the evidence discloses that one of such jobs paid $8.90 per hour, and the evidence shows further that job changes from time to time were not necessarily related to her injuries from the automobile accident.
In defense of the award, the appellee argues that Ms. Rutter had to take a job that pays $3.00 less per hour, and that a loss of $120.00 per week or $6,240.00 per year over a period of 2.5 years supports the $15,000.00 award for lost wages, but this oversimplification cannot be reasonably reconciled with the evidence presented to prove this element of damage. On the contrary, the evidence shows that the plaintiff lost about a week of work when she was making $7.88 an hour as a result of the accident, or $315.20, but beyond that, the evidence does little more than provide a spawning ground for speculation upon "loss of earnings to date".
Upon the evidence as a whole, therefore, reasonable minds could not conclude that the plaintiff was entitled to $15,000.00 for lost wages.
The second assignment of error has been presented as follows:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE WHEN IT OVERRULED APPELLANT'S MOTION FOR A NEW TRIAL.
In support of this alleged error, the appellant argues that he was denied the right to challenge the credibility of Richard M. Donnini, an expert witness, who testified by deposition on behalf of the appellee. Specifically, the trial court sustained an objection to the admission of testimony and exhibits relating to the suspension of Dr. Donnini from the practice of medicine in the State of Ohio. Actually, the investigation of Donnini related to an assistant in his office, and the charges against him related to administrative procedures. Moreover, the medical board had not even done a review of the investigation of Dr. Donnini when his deposition was taken. In sustaining the objection, the trial court opined that testimony about the investigation of Rutter's doctor would have a prejudicial effect which outweighed its probative value upon the issue of credibility and that no relevance existed between such information and the care and treatment of the appellee.
Upon the record presented, this court is inclined to agree with the Common Pleas Court, but in any event, rulings concerning the admissibility of such evidence are within the discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Frank v. Vulcan Materials Co. (1988), 55 Ohio App.3d 153, 155. See also, Calderon v. Sharkey (1982), 70 Ohio St.2d 218, 219-20.
With reference to the second specification of error, the appellant also argues that the verdict covered medical expenses which were not shown by the evidence to have been reasonable and necessary, but the amount of the medical bills and the nature of medical services constitutes prima facie evidence of the necessity and reasonableness of charges for medical and hospital services. Wagner v. McDaniels (1984), 9 Ohio St.3d 184, paragraph one of the syllabus.
Prior to trial, the defendant, Kelly, conceded liability for the automobile collision, and within three hours after the collision, according to the evidence, Rutter began to experience the medical problems for which she sought damages. Initially, she had headaches, backaches, and neckaches, and she sought help from Dr. William Johnston, a chiropractic physician, who she saw two or three times a week, while working full-time. These treatments continued for five or six months, after which she visited her family physician, Dr. Charles Platt, who recommended that she take physical therapy at the Chronic Pain Center. At the Pain Center, she was attended by Dr. Charles Demirjian who prescribed medicines that she was unable to take because of stomach cramps and loss of hair.
Thereafter, Ms. Rutter went to the Pain Evaluation and Management Center for treatment by Dr. Donnini who was licensed to practice medicine in the State of Ohio during the time that the appellee was being treated and when his deposition was subsequently taken. Dr. Donnini recommended a treatment plan around medication, exercises and physical therapy, and Rutter continued her visits for some months to the Pain Evaluation and Management Center. In all, the appellee had incurred $9,154.00 in medical expenses at the time of trial, and the evidence further reveals that certain diagnostic testing was necessary as the result of the collision.
Here, Ms. Rutter testified, and the attending facts show, that her treatment flowed from her alleged injuries from the accident, and the record does not otherwise suggest in any way that the treatments, or the expenses incident thereto, were unnecessary or unreasonable.
In the final analysis, the decision whether to grant a new trial lies within the sound discretion of the trial court. Verbon v. Pennese (1982), 7 Ohio App.3d 182, 184. And in this case, no abuse of discretion, as that term is defined in law, has been shown. See, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Hence, the second assignment of error is overruled.
The third assignment of error has been submitted by the appellant as follows:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE WHEN IT OVERRULED APPELLANT'S MOTION FOR REMITTITUR.
The argument of the appellant under this assignment of error is largely repetitious of the contentions submitted in support of the first assignment of error, and upon further examination of the record, this court again has been unable to find support for the jury award of $15,000.00 for "loss of earnings to date". Moreover, the court gleans from the appellee's brief that her search for evidence to support the award of $15,000.00 for "lost earnings to date" also has been unproductive. Accordingly, a remittitur in the amount of $14,684.80, with the consent of the appellee, must be offered as an alternative to a new trial. See, Lance v. Leohr (1983), 9 Ohio App.3d 297, 298.
The fourth assignment of error has been presented as follows:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ADMITTED CERTAIN MEDICAL BILLS INTO EVIDENCE DESPITE A LACK OF TESTIMONY AS TO THE NECESSITY OF TREATMENT AND PROXIMATE CAUSE.
In support of the assigned error, the appellant relies to some extent upon Joyce v. Randolph (July 13, 1988), Greene App. No. 86-CA-55, unreported, but in that case, both the injury itself and the treatment were challenged, whereas in this case, the collision, the injury, and the medical treatment were reasonably linked together by evidence which was substantially undisputed. And as heretofore indicated under the second assignment of error, proof of the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity of the charge. Wagner, supra. Furthermore, in the Joyce case, even the propriety of the treatment was at issue, but no similar conflict surfaces from the evidence in this case.
Under the circumstances of the present case, therefore, the admission of the medical bills without further testimony did not constitute an abuse of discretion, and the fourth assignment of error is overruled.
In conjunction with the appeal, Ms. Rutter has filed a cross-appeal claiming, for her only assignment of error, as follows:
 THE DECISION ON THE COURT NOT TO AWARD PRE-JUDGMENT INTEREST IS NOT SUPPORTED BY COMPETENT EVIDENCE.
In overruling the motion for prejudgment interest, the Common Pleas Court observed as follows:
 "The plaintiff's motion for prejudgment interest is based upon her claim that the defendant's insurer made no good faith effort to settle this case prior to trial. The plaintiff claims that a $60,000.00 demand, was made ten days before trial. The defendant's counsel offered to settle the case for $7,500.00 on the morning of trial. A jury subsequently returned a verdict of $91,154.00. The defendant contends that the insurer made a rational evaluation of the risks and damages should the case go to trial. The injury was a soft tissue injury and the plaintiff had reached maximum medical improvement. Therefore, there was no lack of a good faith effort to settle based upon the insurer's evaluation.
 The parties agree that this issue is controlled by Moskovitz v. Mt. Sinai Medical Center (1994), 69 Ohio St.3d 638. That case held that a party had not failed to make a good faith effort to settle if the party has fully cooperated in discovery, rationally evaluated the risks and potential liability, has not delayed the proceedings and made a good faith settlement or responded in good faith to the plaintiff's demand. There was no problem with discovery in this case and neither party delayed the proceedings. The defendant did realistically evaluate the possible risks. The only issue at trial was damages as liability had been admitted. The injury was a soft tissue injury and the plaintiff has returned to work at a lower paying job. The defendant was aware of $7,500.00 in outstanding medical bills, some of which were incurred to a chiropractor. The defendant calculated the risk of loss to be $7,500.00. Although the ultimate verdict was many times that amount, the assessment of damages was realistic in light of verdicts returned in similar cases. Although there is a factual dispute as to whether the plaintiff made a written settlement offer, that issue is moot as the court finds that the defendant rationally evaluated its risk. The plaintiff's motion for pre-judgment interest is ordered overruled."
In determining entitlement to prejudgment interest, the Common Pleas Court is usually in a better position to observe many details which are not ordinarily a matter of record, and in the present case, this court perceives no valid reason to depart from the trial court's decision overruling the plaintiff's motion. Here, the trial court expressed a complete awareness of many aspects of the case which should be considered, and this court is disinclined merely to substitute its judgment for that of the trial court upon the issue of prejudgment interest. Accordingly, the appellee's alleged error is overruled.
In accordance with our opinion, therefore, a remittitur in the amount of $14,684.00 will be granted, if the plaintiff, Ms. Rutter, consents thereto, and a judgment in the amount of $76,470.00 will be affirmed. However, if the plaintiff fails to consent to the remittitur within twenty (20) days from the date of this decision, the judgment must be reversed and the cause remanded to the Common Pleas Court for a new trial.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Robert W. Peeler
Kevin C. Connell
Henry Hyde
Hon. Jonathan P. Hein