JOURNAL ENTRY and OPINION
Defendant Ruth Hood stipulated that she negligently injured plaintiff Theresa Homeyer-McGee, so the case went to trial on the amount of damages only. The jury awarded $1,000 in damages — far below what plaintiff had requested. Dissatisfied with that amount, plaintiff filed a motion for a new trial or judgment notwithstanding the verdict, arguing that the amount of the award was manifestly inadequate. The court denied both motions. The only point of error pursued in this appeal is whether the court abused its discretion by denying the motion for a new trial.
Civ.R. 59(A)(4) permits the court to order a new trial in the event that damages are "excessive or inadequate, appearing to have been given under the influence of passion or prejudice." The Staff Note to Civ.R. 59(A)(4) makes clear that "passion and prejudice" is an essential element of a claim for a new trial on grounds that damages are inadequate and must be shown on the record. We cannot find that the size of a verdict, without more, is sufficient to show passion or prejudice. Jeanne v.Hawkes Hosp. of Mt. Carmel (1991), 74 Ohio App.3d 246, 257; Kolomchuk v.Grega (Sept. 20, 2001), Cuyahoga App. No. 78870, unreported. As with all other grounds for requesting a new trial contained in Civ.R. 59(A), we review the court's action for an abuse of discretion. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312.
To the extent that a party complains that damages were inadequate as a matter of law, it would relate to uncontroverted evidence of reasonable and necessary medical expenses:
 Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services. DeTunno v. Shull, 166 Ohio St. 365
[2 Ohio Op. 2d 281, 143 N.E.2d 301], modified.)
Wagner v. McDaniels (1984), 9 Ohio St.3d 184, paragraph one of the syllabus.
However, even though medical expenses might be in evidence, "the jury may still disbelieve the plaintiff's contentions about the nature and extent of his injuries." Bottles v. Rentz (Oct. 31, 1997), Hamilton App. No. C-960787, 960842, unreported. Plaintiff's claim that the damages were inadequate requires us to consider the weight of the evidence supporting those damages.
The existence of medical bills does not compel a finding that the jury had to award damages in an amount equal to those bills. The jury was free to consider the extent of plaintiff's injuries, particularly on the issue of whether those injuries were caused by defendant.
The jury heard conflicting versions of the accident. Plaintiff claimed that defendant's car struck her, causing her to suffer ongoing problems with her back. Defendant claimed that she bumped a shopping cart that then bumped into plaintiff.
Even if we were to accept plaintiff's version for purposes of this appeal, a rational trier of fact could have disbelieved that the "light, but painful" contact did not cause her to suffer the recurring back problems and the myriad of other physical ailments that began to manifest after the accident. Plaintiff's trial testimony showed that she had back and foot problems that predated the accident at issue. At least one physician could find no neurological basis for her complaints and suggested to plaintiff that her complaints of pain might have been psychosomatic.
All this evidence might have been debatable, but because it was debatable it means that we cannot disturb the jury's finding of fact. It was within the jury's province to award damages based on the evidence it heard, as well as to assess the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Because there was sufficient evidence to establish that plaintiff may have overstated the nature of her medical expense, we do not find that the jury acted with passion or prejudice. The court did not abuse its discretion by refusing to overturn the jury's findings. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS. ANNE L. KILBANE, J., CONCURS IN JUDGMENTONLY.