DICKEY, Appellee,

v.

BURICK et al., Appellants.

DUBOS, Appellee,

v.

BURICK et al., Appellants.

[Cite as *Dickey v. Burick,* 161 Ohio App.3d 224, 2005-Ohio-2601.]

Court of Appeals of Ohio,
Fifth District, Stark County.

Nos. 2004–CA–322 and 2004–CA–321.

Decided May 23, 2005.

Eric Firestone, for appellee.

Elizabeth A. Burick, pro se.

GWIN, Judge.

{¶ 1} Defendants Elizabeth A. Burick and Elizabeth A. Burick Co., L.P.A., appeal two judgments of the Municipal Court of Canton, Stark County, Ohio. Plaintiffs in the action are Larry A. Dickey, a licensed massage therapist, and Paul Dubos, a licensed chiropractor. In each case, the trial court modified the report of the magistrate and awarded each plaintiff judgment on his small claims complaint. Appellants assign four errors to the trial court:

{¶ 2} "I. The trial court erred as a matter of law in not granting the appellants' motion to dismiss the appellees [sic] cause of action against an improperly named corporation.

{¶ 3} "II. The trial court erred as a matter of law in not granting the appellants' motion to dismiss the appellees [sic] cause of action as to the appellant individually listed on the complaint.

{¶ 4} "III. The trial court erred as a matter of law in not granting the appellants' objection of the magistrate's decision as to the appellants' liability to the appellees for a medical bill incurred by a client of the appellants.

{¶ 5} "IV. The trial court erred as a matter of law in not granting the appellants' objection to the magistrate's decision as to the appellants' liability to the appellees for a medical bill incurred by a client of the appellants based on the facts presented that the client had filed bankruptcy and listed her personal injury claim on said bankruptcy forms."

{¶ 6} These cases present the same issues and have been treated together in municipal court. This court has sua sponte consolidated the cases for appeal.

{¶ 7} Appellant Elizabeth A. Burick is an attorney, and appellant Elizabeth A. Burick Co., L.P.A., is her professional association. Appellee Dubos filed a claim against appellants and their client, Debra Burch, for $2,600 for services provided to Burch, who is not a party to this appeal. Appellee Dickey filed his complaint for $975, also for services provided to Debra Burch. Attached to these complaints were itemized bills for various services. Appellees' claims against appellants arose because Burick represented Burch in a personal injury claim. In order to obtain the medical records she needed to pursue the claim, Burch signed the document entitled "Doctor's Lien," which contained the following language:

{¶ 8} "I hereby authorize and direct you, my attorney(s), to pay directly to said doctor, such sums as may be due and owing him/her for professional services rendered to me both by reason of the aforesaid accident and by reason of any other bills that are due and owing to his/her office and to withhold such sums for any settlement, judgment or verdict as may be necessary to adequately protect said doctor. I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement, judgment or verdict which may be paid to you, my attorney(s), or myself as a result of the injuries for which I had been treated or injuries in connection therewith."

{¶ 9} Below the portion signed by Burch is another paragraph, which states:

{¶ 10} "The undersigned attorney(s) of record for the above patient does (sic) hereby agree to observe all the terms and conditions of the above lien and agree(s) to withhold such sums from any settlement, judgment or verdict as may be necessary to protect the said doctor named above." The signature on this portion of the document reads "Elizabeth Burick."

{¶ 11} It appears undisputed that Burch settled her claims and that none of the settlement funds were given to either appellee Dickey or appellee Dubos.

{¶ 12} A magistrate held a hearing on June 22, 2004, on each claim and filed a report recommendation on July 29, 2004, granting judgment to appellees. Appellants filed objections to the magistrate's decision, arguing that the magistrate had failed to address their cross-claim against defendant Debra Burch and urging the court to dismiss the action because the appellees had sued appellant Elizabeth A. Burick individually, when in fact, she was acting as agent for her legal professional association when she signed the lien. In addition, appellants urged that the case should be dismissed as to the legal professional association because the complaints named Elizabeth Burick, L.L.P., which is not the correct name of her legal professional association. Originally, appellees named appellant as an individual defendant and then moved the court to add Elizabeth Burick, d.b.a. Elizabeth Burick, L.L.P., as a defendant.

{¶ 13} The trial court approved the magistrate's report and accepted it as its judgment, except that it sustained appellants' objection regarding their cross-appeal. The court found that appellants were entitled to indemnification from Burch for any judgment that appellants are required to pay to appellees.

I

{¶ 14} In their first assignment of error, appellants argue that the court should not have permitted appellees to add an additional party to the lawsuit after appellants had filed a motion to dismiss for naming an improper party.

{¶ 15} Civ.R. 15(C) governs amended and supplemental pleadings. The rule provides that an amendment changing the party against whom a claim is asserted relates back to the original complaint if, within the period provided by law for commencing the action against him, the party to be brought in by amendment has received sufficient notice of the action that he will not be prejudiced in defending the action, and also if the party knew or should have known that but for a mistake, the action would have been brought against him. In *Sims v. Agosta* (Jan. 29, 1996), Fairfield App. No. 95–CA–0019, 1996 WL 72610, this court found that if a plaintiff timely files his action within the statute of limitations and perfects service on the proper defendant, but has inadvertently misspelled the defendant's name in the complaint, the plaintiff may amend the complaint in order to set forth the defendant's correct name.

{¶ 16} However, as appellants point out, the amendment did not identify the legal professional association properly. The record does not demonstrate that appellees perfected service on the corporation under the correct name. We find that the trial court should have dismissed the action against the corporation because it was improperly identified as a party defendant.

{¶ 17} The first assignment of error is sustained.

## II

 {¶ 18} In her second assignment of error, appellant Elizabeth Burick urges that she was improperly named individually because she was acting as the agent of the corporation when she signed the doctor's liens.

{¶ 19} We have reviewed the doctor's liens presented in the record and find they contain no reference to the legal professional association. The attorney's signature reads "Elizabeth Burick" with no designation of agency, and the documents are headed "Elizabeth A. Burick, Attorney at Law" but do not mention the corporation. However, the cover letters that appellants attached to the doctor's liens when they were signed and faxed back to the doctors identify the faxes as coming from Elizabeth A. Burick Co., L.P.A.

{¶ 20} In *George Ballas Leasing, Inc. v. State Security Serv., Inc.* (Dec. 31, 1991), Lucas App. No. L–91–069, 1991 WL 280135, the court of appeals found that a signature represents a clear indication that the signer is acting as an agent if the name of the principal is disclosed, the signature is preceded by words of agency such as "by" "per" or "on behalf of," and the signature is followed by a title showing the capacity in which the signer is executing the document. Id. at 2, 1991 WL 280135. The signatures on the doctor's liens do not contain any of these indicia.

{¶ 21} We find that the trial court did not err in finding that appellant Elizabeth Burick is individually liable on the doctor's liens.

{¶ 22} The second assignment of error is overruled.

## III

{¶ 23} In their third assignment of error, appellants argue that the trial court erred as a matter of law in finding them liable because there was no demonstration that the bills were accurate, related to the treatment received by Burch, and reasonable and necessary.

{¶ 24} In *Rybaczewski v. Kingsley* (June 29, 1998), Lucas App. No. L–97–1048, 1998 WL 372723, the Sixth District Court of Appeals reviewed a claim that certain doctor bills had not been proven to have been reasonable and necessary. The court cited *Wagner v. McDaniels* (1984), 9 Ohio St.3d 184, 9 O.B.R. 469, 459 N.E.2d 561: "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services." Id. at paragraph one of the syllabus.

{¶ 25} The Sixth District Court of Appeals found that some of the bills in *Rybaczewski* did not specify what service was performed but were merely statements of account and thus not reasonable and necessary on their face.

{¶ 26} We have reviewed the bills attached to the complaints, and we find that they state with sufficient specificity the nature of the services rendered. Appellees were not required to lay a foundation that they were reasonable and necessary unless challenged by appellants.

{¶ 27} Appellants direct our attention to the various dates on the bills, which demonstrate that some of the bills are not related to the April 1, 2001 accident. While appellants are correct, the doctor's liens that appellant executed promised to pay not only bills arising out of the personal injury action, but any other bills Burch owed to appellees.

{¶ 28} The third assignment of error is overruled.

## IV

{¶ 29} Finally, appellants urge that the trial court should not have found that they were liable on the medical bills because Burch had filed bankruptcy and listed her personal injury claim on the bankruptcy forms.

{¶ 30} While this assertion may or may not be correct as to Burch, appellant Burick signed the liens and thus created a surety relationship between her and the doctors; see *Shiepis Clinic of Chiropractic, Inc. v. Stevenson* (July 8, 1996), Stark App. No. 1995–CA–00343, 1996 WL 488781.

{¶ 31} The fourth assignment of error is overruled.

{¶ 32} For the foregoing reasons, the judgment of the Municipal Court of Canton is affirmed in part and reversed in part.

Judgment accordingly.

BOGGINS, P.J., concurs.

WILLIAM B. HOFFMAN, J., concurs in part and dissents in part.

WILLIAM B. HOFFMAN, Judge, concurring in part and dissenting in part.

{¶ 33} I concur in the majority's analysis and disposition of appellants' first, second, and fourth assignments of error. I respectfully dissent from the majority's analysis and disposition of appellants' third assignment of error.

{¶ 34} I do not take issue with the majority's conclusion that the bills attached to the complaints were reasonable and necessary. However, the terms of the "Doctor's Lien" require the services to have been rendered by reason of the

accident. No such evidence was presented by appellees to relate the services to the accident. In fact, the affidavit of the adjuster for the insurance company handling the claim for the tortfeasor indicates that the bills in question were not considered related to the Burch claim.

{¶ 35} The majority further supports its decision by noting that the doctor's liens executed by appellants promised to pay not only bills arising out of the personal injury action, but any other bills that Burch owed appellees. To the extent that the liens attempted to secure appellants' liability beyond the bills associated with Burch's personal injury action, I find the liens unconscionable as being contrary to public policy. An attorney representing a plaintiff need not become a guarantor or collection agent for the lienholder for all past accounts due the lienholder when representing a client's interests in an injury claim. To withhold pertinent medical records unless such guarantee is given by the legal representative is unconscionable.

{¶ 36} I would reverse both judgments as to both appellants.