{¶ 50} Although I concur with the majority's disposition of the third through sixth assignments of error, I dissent from the judgment rendered. The grant of summary judgment in favor of QualChoice should be affirmed, but the amount of that judgment should be reduced to $5,000.
 {¶ 51} QualChoice, a health insurer, filed this action to recover the medical benefits paid on behalf of its insured, Sandra Baldwin, from her automobile liability insurer, Nationwide Insurance. Baldwin's Nationwide policy included a medical payment coverage in the amount of $5,000. Baldwin's QualChoice policy included the following subrogation provision: "QualChoice HMO is subrogated to all your rights of recovery to the extent of the benefits it pays for the Covered Services for an illness or injury for which you are entitled to recover payment from * * * your insurer under * * * medical payment coverage, personal injury protection coverage, and any other like kind coverage."
 {¶ 52} QualChoice moved for summary judgment, based on the foregoing subrogation provision and the affidavit of Yvonne Harris, a QualChoice subrogation analyst. Harris testified as follows: "As a result of an auto accident on January 4, 2005, QualChoice Inc. paid medical expenses in the sum of $6,140.38 for the injuries to Sandra Baldwin." Attached to the affidavit was a System Claim Report, identifying the *Page 13 
payments made on Baldwin's behalf by date of service, claim number, amount paid, and medical provider.
 {¶ 53} The majority deems this affidavit "insufficient" to support the judgment in QualChoice's favor because "it does not provide * * * any description of the medical services rendered Ms. Baldwin following her accident."
 {¶ 54} The majority misconstrues the present action as a personal injury action, rather than an action based on contract. As the Ohio Supreme Court has observed on several occasions: "a contractual subrogation agreement [is] controlled by contract principles." N.Buckeye Edn. Council Group Health Benefits Plan v. Lawson,103 Ohio St.3d 188, 2004-Ohio-4886, at ¶ 17, quoting Blue Cross Blue ShieldMut. of Ohio v. Hrenko, 72 Ohio St.3d 120, 122, 1995-Ohio-306.
 {¶ 55} The majority relies on Wagner v. McDaniels (1984),9 Ohio St.3d 184, for the following proposition: "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services." Id. at paragraph one of the syllabus. Such reliance is inapposite, inasmuch as Wagner was a tort action. In the present case, the "necessity and reasonableness" of Baldwin's medical treatment are not an issue.
 {¶ 56} QualChoice is contractually entitled to recover the amount it paid for Baldwin's care to the extent to which she would be entitled to recover from Nationwide. Harris' affidavit established the amount paid. Nationwide did not dispute this amount, or the necessity and reasonableness of the care received. Accordingly, QualChoice was entitled to judgment. *Page 14 
 {¶ 57} The amount of the judgment should be reduced to $5,000, as this is the total amount that Baldwin would be entitled to recover under the Nationwide policy.
 {¶ 58} In its Reply Brief to Plaintiff's Brief in Opposition to Defendant's Motion to Reconsider, Nationwide attached the affidavit of Anthony Barone, a claims representative, who testified that Nationwide has already paid $955.22 to medical providers on Baldwin's behalf, pursuant to medical payment portion of its policy. Barone's affidavit, however, was not before the trial court when it granted summary judgment to QualChoice. Accordingly, this evidence cannot be used to reduce the amount of QualChoice's judgment as established by its Motion for Summary Judgment. *Page 1