MORGAN, APPELLEE, *v.* COLE, APPELLANT.

[Cite as Morgan v. Cole (1969), 22 Ohio App. 2d 164.]

(No. 10812—Decided June 30, 1969.)

*Mr. Eugene Droder,* for appellee.

*Messrs. Bloom, Greene, Thurman & Uible,* for appellant.

HESS, J. This action is before this court on cross-appeals from the Court of Common Pleas of Hamilton County, wherein Edna Cole, the defendant, appellant herein, seeks reversal of a judgment entered in favor of the plaintiff, appellee herein, pursuant to a jury verdict, and the plaintiff seeks to reverse the judgment of the trial court in granting the defendant a new trial.

The parties will be referred to herein as they appeared in the trial court.

On January 12, 1966, the plaintiff, Jack Morgan, filed his petition for damages as a result of an automobile collision in which he and the defendants, Edna Cole and James Buttrom, were involved. James Buttrom was dismissed from the case on a motion to quash.

The case went to trial on the amended petition of the plaintiff, answer to that petition and cross-petition of the

defendant, answer of the plaintiff to the cross-petition, and reply by the defendant to plaintiff's answer to the cross-petition.

The jury returned a verdict in the sum of $2,500 in favor of the plaintiff and found in favor of the plaintiff on the defendant's cross-petition. Judgment was entered in keeping with the verdict.

Following the judgment entry on the verdict and after hearing by the trial court, the trial court overruled a motion by the defendant for a judgment *non obstante veredicto* but granted a motion for a new trial on the grounds of errors committed "in the general charge to the jury and the repetitious wording of the charge."

It appears from the record that on January 18, 1964, the defendant was proceeding in a southerly direction on Kenwood Road in Hamilton County and that she was favoring the westerly curb. At the same time, the plaintiff also was proceeding in a southerly direction and to the left and rear of the Cole vehicle with his line of travel favoring the center line of the road. At a point within the boundary line of the village of Blue Ash, the defendant's vehicle struck the rear of a truck which was parked in front of her and which extended into her lane or line of travel. As a result of the impact, the defendant's vehicle moved back and out, easterly in a clockwise course, after which the plaintiff's vehicle came into contact at or near the right rear wheel of the defendant's automobile.

The evidence is conflicting concerning the exact position of the parties' vehicles at the time of or immediately before their impact. There is evidence to support the conclusion that the defendant's vehicle did move back and out in an easterly direction immediately after it impacted with the parked truck, and that the plaintiff's automobile did move into such a position that it would have passed the defendant's automobile without contact were it not for the fact that her vehicle moved into the path or line of the plaintiff's vehicle.

Based upon the fact that the defendant had collided with the rear of a parked truck, the trial court sustained

a motion for a directed verdict for plaintiff on the question of defendant's negligence.

The defendant claims the plaintiff was negligent in failing to stop his vehicle and avoid striking the defendant's automobile, which put him in violation of the assured-clear-distance statute. This contention was determined by the jury in favor of the plaintiff.

To find for the plaintiff the jury necessarily found that the plaintiff did not violate Section 4511.21, Revised Code.

We now come to the consideration of the action of the trial court in sustaining the motion of the defendant for a new trial on the ground the general charge was erroneous and repetitious.

Section 2309.59, Revised Code, suggests that a reviewing court must always decide whether, in the light of all the evidence, substantial justice has been rendered, and if it so decides all errors not affecting the substantial rights of the adverse party must be disregarded. The real object of a trial is the attainment of substantial justice and not the achievement of a hearing wholly free from errors.

In order for a party to secure relief from a judgment by way of new trial, he must not only show some error but must also show that such error was prejudicial. This fundamental rule dates back to 1860 and to date has not been changed. *Ohio Life Insurance and Trust Co.* v. *Goodin,* 10 Ohio St. 557.

The case of *Smith* v. *Flesher,* 12 Ohio St. 2d 107, cites with approval *Ohio Life Ins. & Trust Co., supra,* and holds that "in order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal." This court refused to accept the appellant's assignment of error with respect to the general charge in the case of *Puls* v. *I & S Trailways,* 22 Ohio App. 2d 218, when it found that there was no error in the general charge prejudicial to the plaintiff.

A careful consideration of the general charge of the court in the instant case discloses it does indulge in repetition and that certain statements standing alone would be

erroneous. However, when the questionable statements are read in relation to the whole charge we find they are not prejudicial to the defendant. The trial court found the defendant guilty of negligence as a matter of law, and it remained for the jury to determine whether the negligence of the defendant, if any, was the proximate cause of the injury and damage to the plaintiff.

In relation to the assured-clear-distance-ahead statute, the court charged: "Now, I might explain that the reason that this cannot be held, in the opinion of this court, negligence on the part of Jack Morgan and, as a matter of law, is because this evidence gives some justification for a question as to whether or not the vehicle of Edna Cole, after she struck the parked truck, was diverted in some way, in some manner, which would make this statute inapplicable as to Jack Morgan."

Later in its charge, the court gave a more detailed statement of the applicability of the assured-clear-distance rule of law: "And furthermore, this rule, in the interpretation of this statute—it is asserted as a rule: 'That the assured clear distance ahead rule consists of the operation of a motor vehicle at a greater speed than will permit the operator thereof to bring it to a stop within the assured clear distance ahead, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance within such clear distance and into his path or lane of travel of an obstruction, which rendered him unable in the exercise of ordinary care to avoid colliding therewith.' Now, you must make that determination, among other issues in the case, of the plaintiff, Jack Morgan, and determine whether or not at that time and place under this rule he also was negligent."

The portions of the charge relating to the assured clear distance ahead substantially are in keeping with the established law of Ohio. *Erdman* v. *Mestrovich,* 155 Ohio St. 85; *McFadden* v. *Elmer C. Breuer Transportation Co.,* 156 Ohio St. 430; *Pallini* v. *Dankowski,* 17 Ohio St. 2d 51; *Cerny* v. *Domer,* 13 Ohio St. 2d 117; *Smith* v. *Flesher,* 12 Ohio St. 2d 107; and *Centrello* v. *Basky,* 164 Ohio St. 41.

The charge of the trial court dealing with preponder-

168

ance of the evidence, credibility of witnesses, damages, and other general features is not prejudicial to the defendant. The verdict in favor of the plaintiff is supported by the evidence and the entire record reflects substantial justice has been rendered.

The judgment of the trial court in overruling the motion notwithstanding the verdict is sustained; the judgment sustaining the motion for a new trial is reversed. Final judgment for the plaintiff in the sum of twenty-five hundred dollars and costs is granted.

*Judgment accordingly.*

SHANNON, P. J., and HILDEBRANT, J., concur.