DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a jury trial, in which the trial court barred the introduction of evidence as to the reduction of certain medical bills pursuant to R.C. 2315.20. Pursuant to 6th Dist. Loc. App. R. 12(A), we hereby sua sponte transfer this matter to our accelerated docket and render our decision. *Page 2 
 {¶ 2} This case arose as a personal injury action following a traffic accident. Liability was undisputed at trial; however, appellant, citingRobinson v. Bates, 112 Ohio St.3d 17, 2006-Ohio-6362, sought to introduce evidence that appellee's medical providers accepted reduced payments pursuant to a contract with appellee's insurer, thereby reducing the reasonable value of his medical expenses. The trial court denied appellant's request, citing R.C. 2315.20, Ohio's Collateral Source Rule. The jury awarded appellee damages in an amount less than the total of his medical bills. Nevertheless, appellant filed a motion for a new trial, which the trial court denied. A timely notice of appeal was filed in this court on April 3, 2003.
 {¶ 3} On appeal, appellant sets forth the following two assignments of error:
 {¶ 4} "1. The trial court erred by precluding [appellant's] proffered evidence challenging the reasonableness of [appellee's] medical bills based on the Supreme Court's decision Robinson v. Bates (2006),112 Ohio St.3d 17.
 {¶ 5} "2. The trial court's decision to deny [appellant's] motion for new trial for the reason that Robinson v. Bates does not apply to cases arising after the April 7, 2005 effective date of R.C. § 2315.20 is erroneous as a matter of law."
 {¶ 6} In both of his assignments of error, appellant urges this court to apply the rule stated in Robinson, supra. Accordingly, we will address them together.
 {¶ 7} In Robinson, the Supreme Court of Ohio held that "[b]oth an original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care." Id., *Page 3 
paragraph one of the syllabus. R.C. 2315.20, which became effective after the cause of action in Robinson accrued[1], states, in relevant part, that:
 {¶ 8} "(A) In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from an injury, death, or loss to person or property that is the subject of the claim upon which the action is based, except if the source of collateral benefits has a * * * contractual right of subrogation * * *."
 {¶ 9} It is undisputed that this case arose after the enactment of R.C. 2315.20. It is further undisputed that the source of medical payments that appellant attempted to introduce at trial were subject to a contractual right of subrogation. Accordingly, the application of the collateral source rule is controlled by R.C. 2315.20, and not by the rule set forth in Robinson v. Bates, supra.
 {¶ 10} On consideration, we find that the trial court did not err by refusing to allow appellant to present evidence of the reduced amount accepted as full payment for appellee's medical bills to the jury, or by denying appellant's motion for a new trial on that same basis. Appellant's two assignments of error are not well-taken.
 {¶ 11} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for *Page 4 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] The Ohio Supreme Court recognized that R.C. 2315.20 did not apply in Robinson, because the statute became effective "after the cause of action [in that case] accrued and after the complaint was filed." Id., ¶ 10, fn 1. *Page 1