JAQUES, APPELLEE, ET AL., *v.* MANTON, APPELLANT, ET AL.

**[Cite as *Jaques v. Manton*, 125 Ohio St.3d 342, 2010-Ohio-1838.]**

*Collateral-source rule — R.C. 2315.20 does not apply to write-offs — Evidence of write-offs is admissible to show the reasonable value of medical expenses.*

(No. 2009-0820 — Submitted January 26, 2010 — Decided May 4, 2010.)

APPEAL from the Court of Appeals for Lucas County, No. L-08-1096, 2009-Ohio-1468.

_____

**O'DONNELL, J.**

**I**

**{¶ 1}** The common-law collateral-source rule generally prevents the admission of evidence in a tort action showing payments made to benefit the plaintiff from any source other than the tortfeasor. The General Assembly largely abrogated the common-law rule by enacting R.C. 2315.20. This case asks us to determine the effect of R.C. 2315.20 on our holding in *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, that the amount accepted by a medical provider as full payment for treatment of the plaintiff is admissible in a personal-injury action, even when that amount is less than the amount originally billed. We hold that the statute does not address evidence of such write-offs by medical providers, and, therefore, our holding in *Robinson* controls.

**II**

**{¶ 2}** The plaintiff-appellee, Richard Jaques, was involved in an auto accident with the defendant-appellant, Patricia Manton. Jaques brought a personal-injury action against Manton to recover for injuries he sustained in the accident. Manton admitted liability, leaving only causation and damages to be determined at the jury trial.

{¶ 3} Jaques received treatment from various medical providers for his injuries. The total amount billed for those services amounted to $21,874.80. The medical treatment was covered by Jaques's insurance policy with Medical Mutual of Ohio, which did not pay the full amount billed. The providers instead accepted reduced payments totaling $7,483.91 as payment in full pursuant to their agreements with Medical Mutual.

{¶ 4} Before trial, the trial court sustained Jaques's motion to preclude Manton from offering evidence of the $14,390.89 in write-offs by the medical providers. At trial, the jury was able to consider only the amount billed by the medical providers, not the amount accepted as full payment. The jury awarded Jaques $25,000 in damages, which included only $15,500 for medical bills. The trial court denied Manton's motion for a new trial. The court of appeals affirmed the trial court's evidentiary ruling, holding that evidence of the write-offs was precluded by R.C. 2315.20. *Jaques v. Manton*, Lucas App. No. L-08-1096, 2009-Ohio-1468, ¶ 9-11. We accepted Manton's discretionary appeal. 122 Ohio St.3d 1478, 2009-Ohio-3625, 910 N.E.2d 477.

### III

{¶ 5} A plaintiff is entitled to recover reasonable medical expenses incurred for injuries caused by the tortious conduct of a defendant. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, at ¶ 7, citing *Wagner v. McDaniels* (1984), 9 Ohio St.3d 184, 9 OBR 469, 459 N.E.2d 561. "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services." *Wagner* at paragraph one of the syllabus. "Thus, either the bill itself or the amount actually paid can be submitted to prove the value of medical services." *Robinson* at ¶ 7. As we noted in *Robinson*, written bills are deemed by statute to be rebuttable evidence of the reasonableness of medical expenses. Id. at ¶ 9, quoting R.C.

2317.421. Defendants are permitted to present evidence that the amount billed is not reasonable. Id., citing *Wood v. Elzoheary* (1983), 11 Ohio App.3d 27, 28, 11 OBR 40, 462 N.E.2d 1243. The issue before us is whether a defendant may offer evidence of a write-off, i.e., the difference in the amount submitted for payment by a medical provider to an insurance company and the amount the providers accepted from the insurance company as full payment.

{¶ 6} The court of appeals relied on R.C. 2315.20 in holding that evidence of write-offs is inadmissible. That statute provides: "In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from an injury, death, or loss to person or property that is the subject of the claim upon which the action is based, except if the source of collateral benefits has * * * a contractual right of subrogation * * *."

{¶ 7} Our decision in *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, at ¶ 10, fn. 1, did not apply R.C. 2315.20, because the statute was enacted after the cause of action had accrued. *Robinson* instead addressed the admissibility of write-offs under the common-law collateral-source rule. The common-law collateral-source rule acted as an exception to the traditional measure of damages for tort actions—the amount that will make the plaintiff whole. "The rule prevents the jury from learning about a plaintiff's income from a source other than the tortfeasor so that a tortfeasor is not given an advantage from third-party payments to the plaintiff." Id. at ¶ 11. For example, the jury would not be permitted to learn of insurance coverage for injuries suffered by the plaintiff, because the wrongdoer is expected to bear the burden of his actions rather than benefit from the plaintiff's diligence in carrying insurance.

{¶ 8} We observed in *Robinson* that "[b]ecause no one pays the write-off, it cannot possibly constitute *payment* of any benefit from a collateral source." (Emphasis sic.) Id. at ¶ 16. Permitting a tortfeasor to introduce evidence of write-

offs does not violate the purpose of the common-law rule, because the tortfeasor is not benefiting from actual payments by third parties. Id. The common-law rule does not, therefore, preclude introducing evidence of write-offs. Id.

{¶ 9} The general rule enacted in R.C. 2315.20 is contrary to the common-law collateral-source rule. The General Assembly has expressly established that evidence of collateral benefits is admissible. The statute does include exceptions, however, including when the source of the payment has a contractual right of subrogation. It is undisputed that Medical Mutual has a contractual right of subrogation to recover from the proceeds of Jaques's personal-injury claim the amount it paid to benefit Jaques.

{¶ 10} The subrogation exception will generally prevent defendants from offering evidence of insurance coverage for a plaintiff's injury, because insurance agreements generally include a right of subrogation. The defendant would then be liable for the full cost of the plaintiff's medical expenses, even though those expenses have been paid by insurance. The plaintiff does not receive a windfall payment, however, because the insurer has subrogation rights to recover any expenses it has already paid. This appropriately leaves the burden of medical expenses on the tortfeasor. If there is no right of subrogation, then any recovery for expenses paid by a third party that have benefitted the plaintiff would remain with the plaintiff, resulting in a windfall.

{¶ 11} Jaques argues that R.C. 2315.20, not *Robinson*, controls in this case and that the statute compels us to hold that evidence of write-offs is no longer admissible. We disagree. The general collateral-source rule in R.C. 2315.20 must apply before the subrogation exception of the statute can apply. The general rule pertains only to "evidence of any amount payable as a benefit to the plaintiff." This formulation is no different substantively from the common-law rule described in *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 16, as excluding only "evidence of benefits *paid* by a collateral source."

(Emphasis sic.) Our common-law analysis from *Robinson* applies equally in the context of the statute.

{¶ 12} Both versions of the collateral-source rule are concerned with actual payments made by third parties to the benefit of the plaintiff, but the focus of the statute is to prevent a double-payment windfall for the plaintiff, while the focus of the common-law rule was to prevent the defendant from escaping the full burden of his tortious conduct. Write-offs are amounts not paid by third parties, or anyone else, so permitting introduction of evidence of them allows the fact-finder to determine the actual amount of medical expenses incurred as a result of the defendant's conduct. This result supports the traditional goal of compensatory damages—making the plaintiff whole.

{¶ 13} Jaques argues that R.C. 2315.20 does apply to write-offs, because write-offs are *evidence* of a payment to the plaintiff, even though they are not payments themselves. If a jury knows both the gross amount billed by a medical provider and the amount by which that provider agreed to reduce the bill, Jaques contends, the jury will deduce that the plaintiff had insurance coverage and apply simple subtraction to determine the collateral benefit. The jury thus, Jaques argues, obtains the evidence that R.C. 2315.20 expressly prohibits, when, like the insurer here, the insurer has a right of subrogation.

{¶ 14} While Jaques's concerns may not be unfounded, we see no indication of those concerns in the language of the statute. We are required to apply the plain language of a statute when it is clear and unambiguous. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. A write-off indicates only that the provider accepted less than the amount originally billed for its services. While this may typically occur due to an insurance agreement, that is certainly not always the case. R.C. 2315.20 does not indicate a legislative intent to bar such evidence. As we stated in *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 19, "whether plaintiffs should be allowed to seek

recovery for medical expenses as they are originally billed or only for the amount negotiated and paid by insurance is for the General Assembly to determine."

{¶ 15} Because R.C. 2315.20 does not prohibit evidence of write-offs, the admissibility of such evidence is determined under the Rules of Evidence. A plaintiff is entitled to recover the reasonable value of medical expenses incurred due to the defendant's conduct. *Robinson* at ¶ 7, 17, citing *Wagner*, 9 Ohio St.3d 184, 9 OBR 469, 459 N.E.2d 561. The reasonable value may not be either the amount billed by medical providers or the amount accepted as full payment. Id. at ¶ 17. "Instead, the reasonable value of medical services is a matter for the jury to determine from all relevant evidence. Both the original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care." Id.

## IV

{¶ 16} The trial court and court of appeals both erred in refusing to admit evidence of write-offs by medical providers relating to Jaques's care. R.C. 2315.20 does not apply to write-offs, and therefore, our conclusion from *Robinson* controls—evidence of write-offs is admissible to show the reasonable value of medical expenses. The judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings.

Judgment reversed

and cause remanded.

LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

BROWN, C.J., not participating.

_____

**PFEIFER, J., dissenting.**

{¶ 17} The statute at issue in this case is extraordinarily straightforward and the issue before us exceedingly simple. The court of appeals adequately

covered the issue in 11 short paragraphs, yet it takes the majority opinion 16 long paragraphs to confuse the issue and obfuscate the law.

{¶ 18} R.C. 2315.20(A) states, "In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff * * * except if the source of collateral benefits has a * * * contractual right of subrogation * * *."

{¶ 19} At issue in this case is whether a defendant may introduce evidence of a write-off. In this case, Jaques was billed $21,874.80 for medical expenses. The medical provider accepted $7,483.91 as payment in full, writing off $14,390.89. Jaques understandably wants the jury to think that he incurred $21,874.80 in medical expenses; Manton understandably wants the jury to think that Jaques incurred only $7,483.91 in medical expenses.

{¶ 20} R.C. 2315.20(A) answers the question before us: evidence of the amount payable may not be introduced, because "the source of collateral benefits has a * * * contractual right of subrogation." Jaques did not negotiate the write-off, neither did Manton. The provider of Jaques's medical care did not initiate the lesser payment. Who is left to be the source of the collateral benefits? It can only be Jaques's insurance company. It initiated and negotiated the write-off, and it has a contractual right of subrogation. Accordingly, evidence of the collateral benefits may not be introduced. It's not a very difficult question.

{¶ 21} The court of appeals summed it up even more quickly than I have: "It is undisputed that this case arose after the enactment of R.C. 2315.20. It is further undisputed that the source of medical payments that [Manton] attempted to introduce at trial were subject to a contractual right of subrogation. Accordingly, the application of the collateral source rule is controlled by R.C. 2315.20, and not by the rule set forth in *Robinson v. Bates* [112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195]." *Jaques v. Manton*, 6th Dist. No. L-08-

1096, 2009-Ohio-1468, ¶ 9.  I would affirm the judgment of the court of appeals. I dissent.

_____

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., Michael D. Bell, Russell Gerney, Theodore A. Bowman, and Kevin J. Boissoneault; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.

Marshall & Melhorn, L.L.C., and Alan B. Dills; and Ulmer & Berne, L.L.P., and David L. Lester, for appellant.

Reminger Co., L.P.A., Martin T. Galvin, and William A. Meadows, urging reversal for amicus curiae Academy of Medicine of Cleveland & Northern Ohio.

Weston Hurd, L.L.P., Ronald A. Rispo, and Daniel A. Richards; and Mann & Preston, L.L.P., and James L. Mann, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Pursue Riddell, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.

Nicholas J. Schepis, urging affirmance as amicus curiae.

Elk & Elk Co., Ltd., and Peter D. Traska, urging affirmance for amicus curiae Elk & Elk Co., Ltd.

_____