Pfeifer, J.,
dissenting.
{¶ 17} The statute at issue in this case is extraordinarily straightforward and the issue before us exceedingly simple. The court of appeals adequately covered the issue in 11 short paragraphs, yet it takes the majority opinion 16 long paragraphs to confuse the issue and obfuscate the law.
{¶ 18} R.C. 2315.20(A) states, “In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff * * * except if the source of collateral benefits has a * * * contractual right of subrogation * *
{¶ 19} At issue in this case is whether a defendant may introduce evidence of a write-off. In this case, Jaques was billed $21,874.80 for medical expenses. The medical provider accepted $7,483.91 as payment in full, writing off $14,390.89. Jaques understandably wants the jury to think that he incurred $21,874.80 in medical expenses; Mantón understandably wants the jury to think that Jaques incurred only $7,483.91 in medical expenses.
{¶ 20} R.C. 2315.20(A) answers the question before us: evidence of the amount payable may not be introduced, because “the source of collateral benefits has a * * * contractual right of subrogation.” Jaques did not negotiate the write-off; neither did Mantón. The provider of Jaques’s medical care did not initiate the lesser payment. Who is left to be the source of the collateral benefits? It can only be Jaques’s insurance company. It initiated and negotiated the write-off, and it has a contractual right of subrogation. Accordingly, evidence of the collateral benefits may not be introduced. It’s not a very difficult question.
{¶ 21} The court of appeals summed it up even more quickly than I have: “It is undisputed that this case arose after the enactment of R.C. 2315.20. It is further undisputed that the source of medical payments that [Mantón] attempted to introduce at trial were subject to a contractual right of subrogation. Accordingly, the application of the collateral source rule is controlled by R.C. 2315.20, and not *347 by the rule set forth in Robinson v. Bates [112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195].” Jaques v. Manton, 6th Dist. No. L-08-1096, 2009-Ohio-1468, 2009 WL 806858, ¶ 9. I would affirm the judgment of the court of appeals. I dissent.
Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., Michael D. Bell, Russell Gerney, Theodore A. Bowman, and Kevin J. Boissoneault; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.
Marshall & Melhorn, L.L.C., and Alan B. Dills; and Ulmer & Berne, L.L.P., and David L. Lester, for appellant.
Reminger Co., L.P.A., Martin T. Galvin, and William A. Meadows, urging reversal for amicus curiae Academy of Medicine of Cleveland & Northern Ohio.
Weston Hurd, L.L.P., Ronald A. Rispo, and Daniel A. Richards; and Mann & Preston, L.L.P., and James L. Mann, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Pursue Riddell, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.
Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.
Nicholas J. Schepis, urging affirmance as amicus curiae.
Elk & Elk Co., Ltd., and Peter D. Traska, urging affirmance for amicus curiae Elk & Elk Co., Ltd.