AKRON GENERAL MEDICAL CENTER

v.

WELMS.

2010-Ohio-5539.]

Court of Common Pleas,
Portage County.

No. 2008 CV 0457.

Decided Sept. 1, 2010.

Robert B. Laybourne, for plaintiff.

Louis R. Bertrand, for defendant.

ENLOW, Judge.

{¶ 1} This matter is before the court upon the motion of plaintiff, Akron General Medical Center, for summary judgment on two accounts for unpaid medical expenses against defendant, Timothy D. Welms.

{¶ 2} At this stage of the proceedings, the granting of judgment is proper only when no genuine issue of material fact remains for determination, the evidence

being construed most strongly in favor of the defending party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. Initially, the movant has the burden of demonstrating to the court that there is no genuine issue of material fact. "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. After the movant has met that burden, the defending party cannot rest on his pleadings, but must produce some credible evidence on those issues upon which he bears the burden of proof at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

{¶ 3} In its motion, Akron General offers an affidavit and two itemized accounts supporting the claim for unpaid medical expenses. In his affidavit opposing summary judgment, Welms asserts that the medical care for which he is being billed was unreasonable and unnecessary.

{¶ 4} Welms was twice treated at Akron General. Welms was first admitted to Akron General in August 27, 2006, and a stent was placed in an interior artery in his heart. He remained in the hospital three days and was discharged. The total charges were $32,567.72, and Akron General seeks this amount from Welms.

{¶ 5} On February 4, 2007, Welms was again admitted to Akron General for similar, though not identical, treatment. He received a second stent, which was placed in his "1st heart vessel." He remained in the hospital three days and was discharged. The total charges for this hospital stay were $40,683.80. Of this total, Akron General seeks only $1,000 from Welms.

{¶ 6} Akron General's account of charges for the February 2007 admission shows two credits. Welms was credited with a payment from his insurer, United Healthcare Insurance Company, for $21,092.80. This credit was coded "PMT–UNITED HLTHCARE IP." It is clear that this credit represented a payment from Welms's insurer. But Welms was also credited with an additional $18,591.00, which was coded "ADJ–UHC IP." Apparently, construing the evidence most favorably for Welms, this credit was simply an "adjustment" to the bill, rather than an actual payment.

{¶ 7} The Supreme Court of Ohio has determined that both the original medical bill and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, paragraph one of the syllabus. That court concluded that "[p]roperly submitted medical bills are rebuttable evidence of reasonableness. Once medical bills are

admitted, a defendant may then present evidence to challenge their reasonableness." (Citations omitted.) Id. at ¶ 9. That court continued, "To avoid the creation of separate categories of plaintiffs based on individual insurance coverage, we decline to adopt a categorical rule. Because different insurance arrangements exist, the fairest approach is to make the defendant liable for the reasonable value of plaintiff's medical treatment. Due to the realities of today's insurance and reimbursement system, in any given case, that determination is not necessarily the amount of the original bill or the amount paid. Instead, the reasonable value of medical services is a matter for the [trier of fact] to determine from all relevant evidence. *Both the original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care.* The [trier of fact] may decide that the reasonable value of medical care is the amount originally billed, the amount the medical provider accepted as payment, or some amount in between. * * * [B]oth the original bill and the amount accepted are evidence relevant to the reasonable value of medical expenses." (Emphasis added.) Id. at ¶ 17, 18.

{¶ 8} *Robinson v. Bates,* 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 17, expressly recognizes that different insurance arrangements exist. Some of these "insurance arrangements" include the lack of insurance, as many people cannot afford or do not want the expense of insurance.

{¶ 9} Welms's two stays in the hospital were for similar, though not identical, treatment. Both involved placing a stint in blood vessels in or around the heart. Both hospitalizations were for three days. But the final charges for these two separate hospitalizations were vastly different.

{¶ 10} For the February 2007 hospital stay, Akron General credited Welms with a $18,591 "adjustment" that neither he nor his insurer had to pay. This "adjustment" amounted to almost half the medical bill.

{¶ 11} The medical bill from Welms's August 2006 hospitalization included no "adjustment." Akron General demands the whole cost. The only reasonable conclusion for this evidence is that an "adjustment" amounting to almost half the bill was available only because Welms was paying his bill through an insurer in 2007.

{¶ 12} Construing the evidence most favorably for Welms, it seems that Akron General grants substantive reductions to patients who are paying their bill through an insurer, but refuses reductions to those patients who pay out of their own pockets. This circumstance raises a real question as to the reasonable value of the medical treatment provided to Welms during his August 2006 hospital stay.

{¶ 13} Upon review and consideration of the motions, pleadings, affidavits, and exhibits filed herein, and construing the evidence most strongly in favor of Welms, the court finds that there exist no genuine issues of material fact as to the medical expenses related to Welms's February 2007 hospitalization and that Akron General is entitled to judgment as a matter of law on that claim.

{¶ 14} Upon that same review, the court finds that there exist genuine issues of material fact of the reasonableness of medical charges related to Welms's August 2006 hospitalization, and Akron General is not entitled to judgment as a matter of law on that claim.

{¶ 15} It is therefore ordered that the motion of plaintiff Akron General Medical Center for summary judgment for unpaid medical expenses from the February 2007 hospitalization against defendant Timothy D. Welms be and hereby is granted, and Akron General is hereby granted judgment against Welms for $1,000.

{¶ 16} It is further ordered that the motion of plaintiff Akron General Medical Center for summary judgment for unpaid medical expenses from the August 2006 hospitalization against defendant Timothy D. Welms be and hereby is denied.

So ordered.