[Cite as *Evans v. Thobe*, 195 Ohio App.3d 1, 2011-Ohio-3501.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

:

EVANS et al.,
    Appellant,           :    C.A. CASE NO. 24283

v.                        :    T.C. CASE NO. 2008 CV 2468

THOBE et al.,           :    (Civil Appeal from
.                         Common Pleas Court)
    Appellees.         :

. . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2011.

. . . . . . . . .

Lee C. Falke and Susan M. Brasier, for appellant.

Michael W. Sandner, attorney for appellees.

. . . . . . . . .

GRADY, Presiding Judge.

{¶ 1} This is an appeal from a final order granting a new trial in a personal-injury action on the motion of the defendants-appellees pursuant to Civ.R. 59. We find that the trial court abused its discretion in granting their motion. Accordingly, the order from which the appeal is taken will be reversed and vacated.

{¶ 2} On August 4, 2006, plaintiff, 18-year-old Linzie Evans,

suffered a detached retina in her right eye while participating in a sports training program at the University of Dayton when a stretch band on an exercise device broke and struck her right eye. Surgery was performed to repair the detachment, but Evans's vision remains permanently impaired.

{¶ 3} Evans and her parents, plaintiffs-appellants, commenced an action on claims for negligence and loss of consortium against the University of Dayton and Mark Thobe, who had supervised Evans's training when her injury occurred. Evans claimed losses arising from past and future medical expenses, impaired vision, and the value of a college volleyball scholarship for which she was in training.

{¶ 4} Shortly before trial, the plaintiffs filed a motion in limine asking the court to exclude evidence of any health-insurance benefits Evans received for her medical costs and/or contractual write-offs or adjustments to their bills that her medical providers accepted. The plaintiffs argued that such evidence is subject to exclusion pursuant to R.C. 2315.20 when the source of the benefits maintains a right of subrogation. Defendants filed no response. The parties agree that the court granted the motion in limine.[1]

---

[1] No written judgment appears in the docket and journal entries, and no transcript was filed.

{¶ 5} The matter proceeded to trial.  On August 7, 2009, the jury returned a verdict for Evans in the amount of $96,477.  In a jury interrogatory, the jury found that Evans's compensatory damages for her economic loss is $46,477 and that her compensatory damages for her noneconomic loss is $50,000.  In that same interrogatory, the jury found that Evans's parents suffered no losses on their consortium claims.  On October 26, 2009, the court entered judgment for Evans in the amount of $96,477, plus statutory interest and court costs.

{¶ 6} On November 9, 2009, the defendants filed a combined motion for new trial and/or motion for judgment notwithstanding the verdict.  In support of their motion for a new trial, and with respect to the issue presented in this appeal, the defendants argued that the trial court should have given a jury instruction that defendants had requested pursuant to *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, which construed R.C. 2315.20 to permit introduction of evidence of both the amount of an original medical bill and any lesser amount the provider accepted as full payment, but not evidence of a write-off. Plaintiffs filed a memorandum in opposition.

{¶ 7} The trial court had not ruled on defendants' motion when on May 21, 2010, plaintiffs filed a supplemental memorandum in opposition to defendants' motion.  Anticipating a possible adverse

ruling based on the Ohio Supreme Court's May 4, 2010 decision in *Jaques v. Manton*, 125 Ohio St.3d 342, 2010-Ohio-1838, plaintiffs argued that defendants could not benefit from *Jaques* because the jury had heard no evidence of any write-offs or lesser amounts that Evans's medical providers accepted for their services. Plaintiffs argued that it would be speculative to find an amount the jury awarded for Evans's medical costs absent a jury interrogatory finding such an amount. Defendants filed a memorandum in opposition to plaintiffs' supplemental memorandum.

{¶ 8} On September 28, 2010, the trial court granted defendants' motion for a new trial. The court's written decision and judgment states:

{¶ 9} "By recent decision, the Ohio Supreme Court has, illogically, in this writer's opinion, disregarded the plain language of R.C. 2315.20, and ruled that a tortfeasor may introduce evidence of any reduced amount payable as a benefit on behalf of the plaintiff in spite of there being a contractual right of subrogation by the insurer from the plaintiff. *Jaques v. Manton*, 2010-Ohio-1838, 125 Ohio St.3d 342. This decision was released May 4, 2010, and the result of this decision mandates that the motion for a new trial be granted, since this court disallowed evidence of the write-offs by the medical providers, and that error is prejudicial and casts doubt on the jury's verdict."

{¶ 10} Evans filed a notice of appeal from the order granting defendants' motion.

ASSIGNMENT OF ERROR

{¶ 11} "Because defendants failed to request a jury interrogatory to determine what, if anything, the jury awarded to compensate plaintiff for her medical bills, defendants failed to preserve the issue, and the trial court erred in granting a new trial."

{¶ 12} R.C. 2315.20(A) states:

{¶ 13} "In any tort action, the defendant may introduce evidence of any amount payable as a benefit to the plaintiff as a result of the damages that result from an injury, death, or loss to person or property that is the subject of the claim upon which the action is based, *except if the source of collateral benefits has a* mandatory self-effectuating federal right of subrogation, a *contractual right of subrogation*, or a statutory right of subrogation or if the source pays the plaintiff a benefit that is in the form of a life insurance payment or a disability payment. However, evidence of the life insurance payment or disability payment may be introduced if the plaintiff's employer paid for the life insurance or disability policy, and the employer is a defendant in the tort action."  (Emphasis added.)

{¶ 14} The  common-law  collateral-source  rule  excludes

evidence of payments in compensation for claimed losses that a plaintiff received from other sources.  R.C. 2315.20(A) creates an exception to the common-law collateral source rule.  However, per that section, the exception does not apply when "the source of collateral benefits has a * * * contractual right of subrogation * * *."

{¶ 15} In *Jaques v. Manton,* the Supreme Court explained:

{¶ 16} "The subrogation exception will generally prevent defendants from offering evidence of insurance coverage for a plaintiff's injury, because insurance agreements generally include a right of subrogation.  The defendant would then be liable for the full cost of the plaintiff's medical expenses, even though those expenses have been paid by insurance.  The plaintiff does not receive a windfall payment, however, because the insurer has subrogation rights to recover any expenses it has already paid.  This appropriately leaves the burden of medical expenses on the tortfeasor.  If there is no right of subrogation, then any recovery for expenses paid by a third party that have benefitted the plaintiff would remain with the plaintiff, resulting in a windfall."  *Jaques*, 125 Ohio St.3d 342, 2010-Ohio-1838, ¶ 10.

{¶ 17} It happens, not infrequently, that health-care providers agree to accept from insurers an amount substantially less than the face amount of the providers' bills as payment in

full for the cost of services provided. In *Jaques*, after observing that R.C. 2315.20(A) concerns only "evidence of any amount payable as a benefit to the plaintiff," the Supreme Court held that R.C. 2315.20(A) does not exclude evidence of write-offs because "[w]rite-offs are amounts not paid by third parties, or anyone else, so permitting introduction of evidence of them allows the fact-finder to determine the actual amount of medical expenses incurred as a result of the defendant's conduct. This result supports the traditional goal of compensatory damages -- making the plaintiff whole." Id. at ¶ 12.

{¶ 18} Of course, for purposes of the simple mathematical operation of subtraction, the amount written off is the subtrahend which, when deducted from the minuend of the face amount of the provider's bill, reveals the lesser amount the collateral source paid. R.C. 2315.20(A) applies the collateral-source rule to exclude evidence of that lesser amount when the source of the payment is subrogated on the plaintiff's claim. *Jaques* permits a defendant who would benefit from proof of any lesser amount that was paid to introduce evidence demonstrating what that lesser amount was, circumstantially, through direct evidence of the amount written off, even when the insurer is subrogated on the plaintiff's claim.

{¶ 19} But we digress. Our concern is not the Supreme Court's

ardent embrace of textualism. Our concern is whether, on the record before it, the trial court abused its discretion when it granted defendants' Civ.R. 59 motion for a new trial.

{¶ 20} Civ.R. 59(A) sets out nine grounds in which a new trial may be ordered. Paragraph nine allows the court to order a new trial for an "[e]rror of law occurring at the trial and brought to the attention of the trial court by the party making the application." In their motion for new trial, as supplemented, defendants argued that the trial court committed an error of law, per *Jaques*, when the court excluded evidence of amounts Evans's medical providers had written off from their bills when they accepted lesser amounts as payment in full.

{¶ 21} The error that defendants' motion alleged had its origin in the motion in limine that the trial court granted prior to trial. Plaintiffs asked the court to exclude evidence of collateral benefits that Evans received from her health-care insurer, which was subrogated on Evans's claim against defendants, as well as any write-offs from the face amount of the provider's bills pursuant to R.C. 2315.20(A). The record does not contain a judgment entry by the court granting the motion. Neither do we have a transcript showing that the motion was granted. The parties nevertheless agree that the motion was granted, and we will therefore proceed on a finding that it was.

{¶ 22} An order granting or denying a motion in limine is a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. *State v. White* (1982), 6 Ohio App.3d 1. "When the court grants the motion in limine, the proponent must proffer the rejected evidence when it would be admissible to preserve any error." Markus, Trial Handbook for Ohio Lawyers (2005), Section 31:7. That requirement is consistent with Evid.R. 103(A)(2), which provides that error may not be predicated upon a ruling that excludes evidence unless "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination."

{¶ 23} The parties agree that defendants proffered evidence that they would have been able to introduce but for the court's liminal order. However, we are not provided a transcript of the evidentiary proceedings at trial that demonstrate what those proffers concerned[2] -- that is, any lesser amounts that were paid to medical providers or the amounts the providers wrote off from their bills. Neither do we know the amount of any medical bills offered by Evans as proof of that element of her economic losses.

---

[2] We have a partial transcript containing the jury instructions and related proceedings.

{¶ 24} Defendants argue that Evans opened the door to proof of any write-offs or lesser amounts paid when Evans asked her expert whether the amount of her medical bills was reasonable. That could have opened the door, but the door had been locked by the liminal order. Therefore, no evidence of any write-offs or lesser amounts paid was put before the jury. Defendants' argument that the court should have instructed the jury that it could consider such matters is unavailing, because, absent evidence of those matters, there was no evidence of lesser payments accepted or write-offs allowed that the jury could consider.

{¶ 25} Defendants might have filed a notice of appeal from the judgment for $96,477 that the court entered in favor of Evans. Instead, defendants took a different tack and filed a Civ.R. 59(A) motion for new trial, claiming that the ruling constituted an error of law. As we earlier pointed out, paragraph nine of Civ.R. 59 authorizes the trial court to order a new trial for an "[e]rror of law occurring at the trial and brought to the attention of the trial court by the party making the application." The trial court presumably relied on that provision when it found that, per *Jaques*, it misapplied R.C. 2315.20(A) to exclude evidence of contractual write-offs by Evans's medical providers.

{¶ 26} Civ.R. 61 states:

{¶ 27} "*No error in* either the admission or *the exclusion of*

*evidence* and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties *is ground for granting a new trial* or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." (Emphasis added.)

{¶ 28} In commenting on Civ.R. 59(9), the authors of Baldwin's Ohio Civil Practice write:

{¶ 29} "The only time that error is grounds for the granting of a new trial is when the error is prejudicial to the moving party in a substantial way.* * * 'In order for a party to secure relief from a judgment by way of new trial, he must not only show some error but must also show that such error was prejudicial.'* * *."

{¶ 30} Baldwin's Ohio Civil Practice, Section 59:6, quoting *Morgan v. Cole* (1969), 22 Ohio App.2d 164, 166.

{¶ 31} The authors of Baldwin's also cite a decision of this court, *Fada v. Information Sys. & Networks Corp.* (1994), 98 Ohio App.3d 785, with respect to the degree of prejudice resulting from such an error. We wrote:

{¶ 32} "The existence of error does not require a disturbance

of the judgment unless the error is materially prejudicial to the complaining party. *McQueen v. Goldey* (1984), 20 Ohio App.3d 41, 20 OBR 44, 484 N.E.2d 712. Pursuant to Civ.R. 61, the error must affect the substantial rights of the complaining party or substantial justice must not have been done. It is well established that errors 'will not be deemed prejudicial where their avoidance would not have changed the result of the proceedings.' *Walters v. Homberg* (1914), 3 Ohio App. 326, syllabus, *Surovec v. LaCouture* (1992), 82 Ohio App.3d 416, 612 N.E.2d 501." Id. At 792.

{¶ 33} The inquiry that Civ.R. 61 requires is retrospective from the judgment that was entered and in relation to the error of law that occurred. It is the burden of the party who moves for a new trial to demonstrate the degree of prejudice required. A defendant who urges that evidence of collateral-source payments that could have diminished the amount of a verdict should have been admitted has the burden to prove the amount of such payments, and jury "interrogatories are the most efficient and effective method, if not the only method, by which to determine whether the collateral benefits to be deducted are within the damages actually found by the jury." *Buchman v. Wayne Trace Local School Dist.* (1995), 73 Ohio St.3d 260, 270.

{¶ 34} Interrogatories were submitted wherein the jury

divided its general verdict of $96,477 in favor of Evans, awarding $46,477 for economic losses and $50,000 for noneconomic losses. No interrogatory was submitted, and none was requested, asking the jury to identify what part of its award for economic losses was for Evans's past and/or future medical expenses.

{¶ 35} The trial court instructed the jury that Evans's economic loss includes "[a]ll expenditures for medical care or treatment or other care or treatment, services, products, or accommodations incurred as a result of her injury." As the party that would challenge the reasonableness of the medical expenses Evans claimed, it was defendant's obligation to request an interrogatory showing what award, if any, the jury made on that claim, in order to show that defendants were prejudiced by the court's liminal order.

{¶ 36} Defendants argue that the interrogatories that were submitted were in accordance with Ohio Jury Instructions Section 315.01, as amended following the passage of S.B. 80 in 2005, which relieved the court of the duty imposed by *Fantozzi v. Sandusky Cement Prods. Co.* (1992), 64 Ohio St.3d 601. *Fantozzi* held that when a plaintiff in a personal-injury action claims a resulting inability to perform usual activities, the jury must be instructed that "any amount of damages awarded to the plaintiff for pain and suffering must not be awarded again as an element of damages for

the plaintiff's inability to perform usual activities." Id., 618. That rule and the particular prohibition against duplicative awards it involves has nothing to do with Evans's claims for medical expenses. Neither does Ohio Jury Instructions Section 315.01 refer to interrogatories. Defendants' contention is feckless.

{¶ 37} On this record, we hold that the trial court abused its discretion when it ordered a new trial by granting defendants' motion. Interrogatories were submitted to the jury, from which it found that Evans's compensatory damages for her economic losses were $46,477. The jury was not asked to find, and it did not find, what part of the award of Evans's economic losses represented payments made to her medical providers. Absent that finding, it would be purely speculative to suppose what amount of Evans's economic losses, if any, the jury awarded for the cost of medical services Evans was provided. Absent that information, it cannot be determined that defendants were materially prejudiced by not being allowed to introduce evidence of any lesser amounts paid and/or any write-offs by providers. It was defendants' burden to preserve the record to show material prejudice necessary for its motion for a new trial. Civ.R. 61; *Fada,* 98 Ohio App.3d 785. Defendants failed to satisfy that duty.

{¶ 38} The assignment of error is sustained. The order from which the appeal is taken will be reversed and vacated.

**Judgment accordingly.**


**FROELICH, J., concurs.**

**DONOVAN, J., concurs in judgment only.**