[Cite as *Univ. Hosp. v. Campbell*, 2012-Ohio-1909.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE UNIVERSITY HOSPITAL, | : | APPEAL NO. C-110285<br>TRIAL NO. A-0911812 |
| Plaintiff-Appellee, | : | |
| vs. | : | *OPINION ON RECONSIDERATION* |
| DONALD CAMPBELL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 1, 2012

*Dreyfuss Williams & Associates Co., LPA, Claire C. Curtis* and *Michael T. Williams,* for Plaintiff-Appellee,

*O'Connor, Acciani & Levy* and *Robert A. Burke,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Donald Campbell appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of plaintiff-appellee The University Hospital ("University") in a suit to collect payment for medical services.

### Campbell's Medical Bill and His Discovery Request

{¶2}     In 2009, Campbell was treated at University. At the time of his treatment, he did not have medical-insurance coverage. On December 15, 2009, University filed a complaint against Campbell alleging that he had failed to pay for the services. University sought compensation in the amount of $2,729.80.

{¶3}     During discovery, Campbell sought production of University's contracts with insurers to demonstrate that University had routinely allowed discounts, or "write-offs," to patients who had medical-insurance coverage. When University refused to produce those contracts, Campbell filed a motion to compel their production.

{¶4}     In July 2010, University filed a motion for summary judgment. The motion was supported by the affidavit of University's manager of patient financial services, who averred that Campbell owed the amount sought in the complaint. The trial court entered summary judgment in favor of University for the full amount.

{¶5}     In an opinion released April 20, 2012, this court affirmed the judgment of the trial court. In doing so, we stated that University had "conceded that its standard practice was to afford a 40-percent discount to insured patients"

{¶6} On April 27, 2012, University filed a Motion to Correct a Factual Misstatement in the Opinion, asserting that the record reflected a 40-percent discount for "uninsured patients once they have exhausted all other avenues of payment, including third-party liability." We treat this filing as a motion for reconsideration, and because the original opinion does include the asserted misstatement, we grant the motion to reconsider. Accordingly, we hereby vacate the opinion released April 20, 2012, and substitute this opinion for the vacated opinion. Nonetheless, as the misstatement does not affect the outcome of the appeal, we again affirm the judgment of the trial court.

### The Motion to Compel

{¶7} In a single assignment of error, Campbell contends that the trial court erred in entering summary judgment in favor of University. He first argues that the court erred in denying his motion to compel the production of the contracts reflecting write-offs for insured patients. He argues that the write-offs accorded to insurers were relevant to demonstrate that the amount he had been charged was unreasonable.

{¶8} We find no merit in Campbell's argument. An appellate court reviews the trial court's disposition of discovery matters under an abuse-of-discretion standard. *Grace v. Mastruserio,* 182 Ohio App.3d 243, 2007-Ohio-3942, 912 N.E.2d 608, ¶ 13 (1st Dist.). In this case, the trial court did not abuse its discretion. As we discuss fully below, the amount University charged insured patients was irrelevant to the value of the services rendered to Campbell, who was uninsured. Thus, the trial court's denial of the motion to compel was not arbitrary, unreasonable, or unconscionable.

**Reasonable Value of Medical Services**

{¶9}     Campbell next argues that the trial court's entry of summary judgment was erroneous.

{¶10}     Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.  *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).  This court reviews a ruling on summary judgment de novo. *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781 (1st Dist.).

{¶11}     In this case, summary judgment was proper.  Although the value of medical services is a question of fact, a hospital is entitled to a presumption that the value of the services rendered is the amount of its customary charge.  *See Miami Valley Hosp. v. Middleton*, 2nd Dist. No. 24240, 2011-Ohio-5069, ¶ 21, citing *St. Vincent Med. Ctr. v. Sader,* 100 Ohio App.3d 379, 384, 654 N.E.2d 144 (6th Dist.1995).

{¶12}     Here, University provided itemized statements of the treatment administered to Campbell with an affidavit stating that Campbell owed the hospital the amounts specified in the statements.  Campbell did not dispute that he had received the specified treatment, and he presented no competent evidence to demonstrate that the charges were excessive.

{¶13}     But Campbell argues that the trial court erred in refusing to consider University's practice of granting write-offs to insured patients.  He contends

that such evidence would have indicated that the charges in the case at bar were unreasonable. In support of his argument, he cites *Robinson v. Bates,* 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, and *Jaques v. Manton,* 125 Ohio St.3d 342, 2010-Ohio-1838, 928 N.E.2d 434.

{¶14} *Robinson* and *Jaques* addressed whether insurance write-offs were admissible to demonstrate the reasonable costs of medical fees under the common-law collateral-source rule and under R.C. 2315.20, which governs evidence of collateral benefits in tort actions. *See Robinson* at ¶ 17 (both the original medical bill and the amount accepted as payment in full were not admissible under the collateral-source rule); *Jaques* at ¶ 15 (write-offs were admissible under R.C. 2315.20). The issue in both cases was whether a tortfeasor in a personal-injury action was entitled to offer proof of a write-off to reduce the amount an insured plaintiff could recover.

{¶15} Thus, the disputes in *Robinson* and *Jaques* concerned the *effect* of a write-off in a tort action where such a discount had already occurred; the cases did not create or recognize a right to any reduction in charges for an uninsured obligor in a collections case. *See Middleton* at ¶ 27 (noting that *Robinson* did not address the issue of insurance write-offs in collections cases).

{¶16} Campbell cites a case from the Portage County Court of Common Pleas for the proposition that write-offs are relevant in determining the reasonable value of services in a collections case. *See Akron Gen. Med. Ctr. v. Welms,* 160 Ohio Misc.2d 1, 2010-Ohio-5539, 937 N.E.2d 1106 (C.P.). But we are not bound by *Welms*, which extended the holding in *Robinson* beyond its proper scope.

{¶17} Therefore, we hold that the trial court did not err in refusing to consider University's billing practices with respect to insured patients. University was entitled to grant write-offs to insured patients in consideration of the volume of

business conducted with insurers, and Campbell has failed to demonstrate that the amount billed by University in this case was unreasonable. We overrule the assignment of error.

### Conclusion

{¶18} The judgment of the trial court is affirmed.

Judgment affirmed.

**DINKELACKER** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.